340 So.2d 975 (1976)
Charles L. WALKER and His Wife, Wanda L. Walker, Appellants,
v.
William B. SENN and His Wife, Ruby E. Senn, Appellees.
No. AA-423.
District Court of Appeal of Florida, First District.
December 23, 1976.
*976 Robert Goldhagen, Tampa, for appellants.
C. David Fonvielle, Tallahassee, for appellees.
PER CURIAM.
By this interlocutory appeal, appellants, defendants in the trial court, challenge two orders. The first denied their motion to amend affirmative defenses, while the second refused to quash the notice for trial or set aside the order of trial, and denied appellants' motions for continuance of trial and for an order of sanctions against appellees.
Appellants first argue that the court erred in not allowing them to amend their answer by filing revised second amended affirmative defenses. The record indicates that the issues contained in the proposed affirmative defenses are similar to those alleged in the amended counterclaims which had previously been filed in the cause. Appellees do not claim that they were surprised by the issues contained in the proposed amended affirmative defenses, and the record does not support their allegation that permitting appellants to amend their answer would have necessarily delayed the final hearing. It is ordinarily within the trial court's sound discretion as to whether to allow or disallow amendments to pleadings. However, under the facts of this case it is clear that no prejudice could have resulted to appellees. That, coupled with the liberal construction placed upon the rule of civil procedure relating to amendments to pleadings (Rule 1.190, RCP) and the purpose of the rule which is to achieve justice and allow the parties to fully present their respective positions, leads us to hold that the trial court should have permitted appellants to amend their answer.
Appellants further argue that the trial court erred in not quashing appellees' notice for trial and in denying appellants' *977 motion for continuance of trial. It appearing that both points have become moot, those points do not require further consideration.
Finally, appellants argue that the trial court erred in not granting appellants' motion for sanctions based on appellees' failure to appear for their duly noticed deposition. Rule 1.380, RCP, describes the various forms of sanctions and the conditions under which the sanctions may be imposed. Usually, where a party fails to respond to discovery and does not give notice and sound reason for his failure to respond, sanctions should be imposed. However, in the case sub judice, the record is insufficient to determine whether a legally valid excuse was given for appellees' failure to appear, or what costs appellants incurred by reason of the non-appearance at the time and place scheduled for the taking of the depositions. Therefore, the trial judge did not abuse his discretion in refusing to impose sanctions on appellees.
Accordingly, the orders appealed are affirmed in part and reversed in part, and the cause is remanded with directions that appellees be permitted to amend their answer, and for further proceedings consistent herewith.
BOYER, C.J., and RAWLS and McCORD, JJ., concur.