CAWTHON, VICTOR M., Associate Judge.
The Ford Motor Company (Ford), the defendant below, timely appeals from a post-judgment order assessing certain expert witness fees. We reverse.
The relevant facts to this appeal are essentially undisputed. In his second amended complaint Garrison alleged that Ford, in its sale of a Ford Series Model 9700 tractor, breached an implied warranty that the tractor was fit for the particular purpose for which it was intended, i.e., for use in Garrison’s farming operations, and certain express warranties regarding the manufacture of the tractor. Ford initially denied liability. Garrison then embarked upon a course of serving four sets of interrogatories seeking information and documents. Eventually, on January 9, 1981, Garrison filed a motion to compel discovery because Ford had failed to produce any of the requested documents and had failed to answer any questions contained in the second, third and fourth sets of interrogatories. On January 16, the trial court ordered Ford to furnish full and complete answers to the interrogatories and to produce the requested documents on or before 2 p. m., January 19, 1981, at which time Ford’s designee was to be deposed by Garrison’s counsel. Ford, however, failed to timely provide the answered interrogatories and requested documents and cancelled the deposition of its designee scheduled for January 19th. The next day, Garrison served a motion to impose sanctions on Ford for its noncompliance with the Florida Rules of Civil Procedure and the trial court’s order of January 16, 1981. At a hearing on the motion held two days later, Ford’s counsel produced answers to the second, third, and fourth sets of interrogatories and hand-delivered a response to Garrison’s amended notice of taking deposition of Ford’s designee that admitted liability. A non-jury trial was subsequently held on the issues of damages. After the trial, both parties submitted memoranda to the trial court on the issue of whether Garrison should be allowed to tax approximately $1,100.00 for the services of a certain expert witness who completed a report for Garrison approximately two months prior to the time service of process was made on Ford. During the course of the litigation, neither party ever took this expert’s deposition, nor was he called upon to testify at trial as Ford had admitted liability. The trial court ruled in favor of Garrison, and this appeal ensued.
We find that this award cannot be upheld under Section 92.231, Florida Statutes, for the expert witness, Dr. Dow Whitney, did not testify in this cause. Garrison, however, argues that the award of these fees as costs can be justified under Florida Rule of Civil Procedure 1.380. We disagree. The record does indeed indicate that Ford was dilatory in responding to Garrison’s interrogatories and requests to produce, and we certainly look with disfavor upon such a practice. Generally, where a party fails to respond to discovery requests and does not give notice and sound reason for his failure to do so, sanctions should usually be imposed. Walker v. Senn, 340 So.2d 975 (Fla. 1st DCA 1976). However, in those instances where the trial court grants a motion compelling discovery, Florida Rule of Civil Procedure 1.380(aX4) provides:
If the motion is granted and after opportunity for hearing, the court shall require the party or deponent whose conduct necessitated the motion or the party advising the conduct to pay to the moving party the reasonable expenses incurred in obtaining the order that may include at *845 torney’s fees, unless the court finds that the opposition to the motion was justified or that other circumstances make an award of expenses unjust .... (Emphasis supplied).
While it is within the discretion of the trial court to impose sanctions, those sanctions must be commensurate with the violation. See Turner v. Anderson, 376 So.2d 899 (Fla. 2d DCA 1979). Here, Rule 1.380(a)(4) specifically limits the award of costs to those “reasonable expenses incurred in obtaining the order.” Since Dr. Whitney’s services were not reasonably related to Garrison’s efforts to secure the order compelling the defendant to furnish discovery, we must conclude that the rule does not suffice to uphold the trial court’s award.
Accordingly, the trial court’s order awarding Dr. Whitney’s fees as costs is reversed.
MILLS and SHIVERS, JJ., concur.