GRIMES, Acting Chief Judge.
This is an appeal from a judgment declaring void a deed for lack of subscribing witnesses as required by section 689.01, Florida Statutes (1979).
In March of 1971, Hettie Earp and her husband, Fogel F. Earp, acquired certain real estate in the city of Lakeland. There was a house standing on a portion of the land, but the balance of the property was unimproved. On May 19, 1972, Mr. and Mrs. Earp executed a facially valid warranty deed conveying the property to Earp & Shriver, Inc., a West Virginia corporation owned and controlled by Mr. Earp. The deed was recorded on May 23, 1972. Following the 1972 conveyance, duplex buildings were constructed on the property and improvements were made to the house, all at no expense to Mrs. Earp. Mr. and Mrs. Earp continued to use the house from time to time during winter visits.
In August of 1978, Mrs. Earp witnessed an agreement under which Earp & Shriver, Inc., agreed to give Sandra Earp Pope the option to purchase one half of one of the duplex buildings on the property. Thereafter, pursuant to the option agreement the corporation executed a deed to a portion of the property to Sandra Earp Pope. Fogel Earp died on December 30, 1978. In June of 1980, his widow filed suit seeking cancellation of the 1972 deed on various grounds, including the contention that the deed had not been signed in the presence of two subscribing witnesses. The corporation raised affirmative defenses of laches and estoppel, and it also contended that Mrs. Earp had ratified the 1972 deed by witnessing the 1978 option agreement. Sandra Earp Pope was permitted to intervene in the case.
In its trial memorandum submitted to the court shortly before the trial, the corporation argued that any lack of witnesses to the deed had been cured by section 95.-231(1), Florida Statutes (1979). At the trial, Mrs. Earp’s counsel objected to any reliance on the statute because it had not been pled as an affirmative defense. After argument, the court concluded that it would permit the corporation to argue its defense predicated on the statute. The parties then stipulated to various facts, and Mrs. Earp’s deposition was introduced into evidence because she was ill at the time of trial. In her deposition Mrs. Earp testified that the persons whose names appeared as witnesses on the deed were not actually present when she signed it. One of the witnesses was dead at the time of trial and the other was not called to testify. The court ultimately declared the 1972 deed to be void due to the absence of subscribing witnesses. The court found, however, that laches and estoppel existed against Mrs. Earp with respect to Ms. Pope and held that the transaction was valid insofar as it pertained to Ms. Pope’s property. The fi *1227 nal judgment recited that the corporation had waived reliance on section 95.231(1).
Section 95.231(1), Florida Statutes (1979), which first became effective January 1, 1975, reads as follows:
(1) Five years after the recording of a deed or the probate of a will purporting to convey real property, from which it appears that the person owning the property attempted to convey or devise it, the deed or will shall be held to authorize the conveyance or devise of, or to convey or devise, the fee simple title to the real property, or any interest in it, of the person signing the instrument, as if there had been no lack of seal or seals, witness or witnesses, defect in acknowledgment or relinquishment of dower, in the absence of fraud, adverse possession, or pending litigation. The instrument shall be admissible in evidence.
While this statute was not passed until after the 1972 deed was recorded, more than five years had elapsed between the date the statute became effective and the filing of Mrs. Earp’s suit. There was no evidence of fraud, adverse possession or other pending litigation relating to the deed or the property. Moreover, a deed without witnesses is not a void deed upon which the statute may not be able to operate. Cf. Reed v. Fain, 145 So.2d 858 (Fla.1962) (improper conveyance of homestead property not cured by section 95.23, Florida Statutes).
On this appeal Mrs. Earp does not even argue against the applicability of the statute. She argues only that the corporation waived reliance upon the statute by failing to raise it in its pleadings. Thus, the parties focus much of their attention on whether section 95.231(1) is a statute of limitations which must be pleaded as an affirmative defense under Florida Rule of Civil Procedure 1.110(d). The failure to plead the statute of limitations constitutes a waiver of that defense. Hood v. Hood, 392 So.2d 924 (Fla. 2d DCA 1980). The corporation admits that subsection (2) of section 95.231 which was carried forward from section 95.23, Florida Statutes (1973), when the statute was amended in 1974, is clearly a limitations statute. The corporation asserts, however, that subsection (1) is a curative statute which is simply designed to correct certain deficiencies in title after the passage of time. One court has characterized section 95.231 as a curative act with a limitation provision. Holland v. Hattaway, 438 So.2d 456 (Fla. 5th DCA 1983).
We are reluctant to say that the corporation had no obligation to plead the statute in its answer. However, the corporation did bring the statute to the court’s attention before the trial. Had the court not initially ruled that the statute could be argued, the corporation could have moved to amend its answer to include this defense. Cf. Walker v. Senn, 340 So.2d 975 (Fla. 1st DCA 1976) (rule pertaining to amendments to pleadings liberally construed to achieve justice and to allow parties to fully present their positions). Under the circumstances and in view of the statute’s patent applicability, we believe that it should not have been ignored.
After the requisite passage of time, the statute cured the deficiency in subscribing witnesses.[1] Since Mrs. Earp failed to present evidence to support the other grounds for her suit, the court should have entered judgment against her.
Reversed.
FRANK, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.

. On this appeal, the corporation also raises the applicability of section 694.08, Florida Statutes (1979), although it did not make this argument below. In view of our disposition of the case, we decline to pass on whether the deed was also cured by the application of this statute.