578 So.2d 877 (1991)
HOLY TEMPLE CHURCH OF GOD IN CHRIST, INC., etc., Appellant,
v.
Sanford A. MAXWELL, Etc., Appellee.
No. 90-1607.
District Court of Appeal of Florida, First District.
May 3, 1991.
Russell L. Healey, Lucy Mahon, Jr., Mark H. Mahon, Jacksonville, for appellant.
Donald L. O'Dell and David W. Henry, McDonough, O'Neal & O'Neal, Orlando, for appellee.
CAWTHON, Senior Judge.
The occupants of a car that collided with a vehicle owned by Holy Temple Church of God sued the church for damages. Holy Temple insured its vehicles under a liability policy issued by Penta-Share, an Illinois carrier. After the accident, Penta-Share became insolvent and failed to defend the suit. Holy Temple filed a third party complaint against its insurance agent, Sanford A. Maxwell, alleging that Maxwell failed to adequately inquire into the solvency of Penta-Share, and that reasonable investigation would have revealed that Penta-Share was financially unstable. At trial, Holy Temple sought to introduce two documents that showed that Penta-Share was never a licensed insurer in the state, and moved to amend its complaint to conform to the evidence. The trial court denied *878 both requests on grounds of relevancy. We reverse.
At trial, Maxwell testified that he had 25-years' experience as an insurance agent, and had handled the insurance needs of Holy Temple for 8-9 years, including procuring the liability policy from Penta-Share. Before writing that policy, Maxwell traveled to Penta-Share's home office in Illinois where he interviewed the company president. Maxwell stated that he read the company's financial statement, although he admitted that he did not understand its meaning. He testified that Penta-Share appeared to be stable because its cash reserves compared favorably to an older, A-rated company with less assets. Maxwell learned through telephone interviews that Penta-Share had a history of making payments on claims filed by other Florida insureds. Calvin Kinsey, President of Holy Temple, testified that Penta-Share had paid an unrelated claim previously filed by the church.
Maxwell first learned of the company's financial straits after the accident. Maxwell stated that he did not inquire whether Penta-Share was qualified to do business in the state, because he relied upon the company's representation that it was not required to obtain approval to write in Florida.
Holy Temple sought to introduce into evidence a certificate and a letter from the Florida Department of Insurance, both of which stated that Penta-Share had never been a licensed insurer in Florida. Maxwell objected, arguing that the documents were irrelevant to the only issue raised by the pleadings, whether Maxwell was negligent in failing to inquire into Penta-Share's financial stability. The trial court ruled that the two documents were irrelevant to the issue of negligence as pled.
Holy Temple then moved to amend its third party complaint to include the allegation that Maxwell violated Florida law by placing this insurance with a company unauthorized to write insurance in the state.[*] The trial court denied the motion, reasoning that the Penta-Share's authority to write insurance in Florida was irrelevant to the issue framed by the pleadings, and refused to instruct the jury on the statutory bases of liability. After a jury verdict finding that Maxwell was not negligent, the trial court entered its final judgment against Holy Temple.
We hold that the trial court improperly denied Holy Temple's request to amend its third party complaint. The controlling rule provides, in part:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings... . If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice him in maintaining his action or defense upon the merits.
Fla.R.Civ.P. 1.190(b). Ordinarily, a ruling on a motion to amend the pleadings rests within the sound discretion of the trial court, Walker v. Senn, 340 So.2d 975, 976 (Fla. 1st DCA 1976); Brown v. Montgomery Ward & Co., 252 So.2d 817, 819 (Fla. 1st DCA 1971), cert. denied, 257 So.2d 561 (Fla. 1972), which will not be overturned unless abuse is demonstrated.
Maxwell triggered the requirements of rule 1.190(b) when he objected to the introduction *879 of the proffered documents on the ground that they were outside the pleadings. At that time, the trial court was required to determine whether an amendment to the pleadings would permit the merits to be "more effectually presented." We believe that the purpose of the rule is served under the circumstances by "freely" granting Holy Temple's request to amend its complaint to include a statutory theory of liability.
Next, the trial court was required to determine the prejudicial effect of allowing the documents into evidence. The trial court ruled that Maxwell would not have been prejudiced by the introduction of the documents. Moreover, it found that Maxwell would not have been surprised were they introduced into evidence. Under these circumstances, considered in light of the liberal construction imposed by rule 1.190(b) favoring amendment of pleadings, the trial court should have allowed Holy Temple to introduce the Department of Insurance documents showing that Penta-Share was not authorized to do business in Florida. Walker, 975 So.2d at 976.
For these reasons, we reverse the final judgment and remand for further proceedings.
JOANOS and ZEHMER, JJ., concur.
NOTES
[*] Holy Temple argues that its theory of liability proceeds from section 626.901(1), Florida Statutes (1987), which prohibits any person from acting as an agent for any insurer not authorized to transact insurance in this state. See also § 624.404(1), Fla. Stat. (1987) (insurer required to maintain reserves); § 626.901(4), Fla. Stat. (1987) (providing that any person who knew or reasonably should have known that an insurance contract was entered into in violation of this section, is liable to the insured for the full amount of the claim unpaid by an unauthorized insurer); and § 627.410(1), Fla. Stat. (1987) (prohibiting the issuance of a basic insurance form in this state unless filed with the department of insurance).