636 So.2d 194 (1994)
Anthony VISCITO and Frances Viscito, d/b/a Waffle Land U.S.A., Appellants,
v.
FRED S. CARBON CO., INC., a foreign corporation, RGE Distribution Co., Inc., and Richard Emslie, individually, Appellees.
Nos. 92-1452 and 92-3092.
District Court of Appeal of Florida, Fourth District.
May 4, 1994.
John G. George of John G. George, P.A., Fort Lauderdale, for appellants.
William F. Cobb of Houston & Shahady, P.A., Fort Lauderdale, for appellee Fred S. Carbon Co., Inc.
*195 POLEN, Judge.
Appellants, Anthony and Frances Viscito d/b/a Waffle Land U.S.A. (the Viscitos), appeal a final order in a tortious interference, conversion and breach of contract action, alleging that the trial court should have granted their motion for new trial because the lower court erred in applying Florida's Dead Man Statute[1], and because they were not allowed to amend their pleadings to conform to the evidence. We agree and reverse based on a consideration of both points on appeal.
In August of 1987, the appellants filed a complaint against the appellees, Fred S. Car bon, Co. Inc. (Carbon), and RGE Distribution Company, Inc. (ROE)[2], alleging tortious interference with business relationships and conversion. This complaint alleged that the Viscitos had an oral contract giving them an exclusive distributorship of Carbon's waffle mix in the South Florida area. They further alleged that under the guise of instituting computer billing, Carbon induced them to disclose a complete list of their South Florida customers, which Carbon subsequently furnished to RGE. The Viscitos also alleged that Carbon unjustifiably interfered with their business relationships by calling the Viscitos' customers to tell them that all future dealings would be with Carbon and that the Viscitos were going out of business. Finally, the Viscitos alleged that the contract was terminated, putting them out of business. In a separate count, the Viscitos pled conversion, alleging that Carbon wrongfully converted the Viscitos' customer list for its own benefit.
In January of 1992, the trial court granted Carbon's motion in limine to exclude the testimony of Fred S. Carbon, who allegedly entered into the oral contract with the Viscitos. The testimony was excluded on the grounds that Florida's Dead Person Statute barred testimony of conversations to which the Viscitos and the decedent, Fred Carbon, were the sole participants. The trial court erred in this regard.
Section 90.602, Florida Statutes (1991) (Florida's Dead Person Statute), provides in pertinent part:
No person interested in an action or proceeding against the personal representative, heir at law, assignee, legatee, devisee, or survivor of a deceased person shall be examined as a witness regarding any oral communication between the interested person, and the person who is deceased at the time of the examination.
Contrary to the lower court's holding, this statute was not designed to preclude testimony regarding a standard corporate arrangement, upon the death of a corporate agent. See Moneghun v. Vital Industries, Inc., 611 So.2d 1316 (Fla. 1st DCA 1993) (Florida's Dead Person Statute was inapplicable as the action was against the corporate entity rather than against the individual estate of the owner and the sole stockholder of the corporation). Similarly, at bar, since the action was only against the corporate entity and not against the estate of Fred Carbon, there is no basis to extend the Dead Person Statute to this action against a corporation. Thus, we reverse on this basis. See also Olshen v. Robinson, 248 So.2d 534 (Fla. 3rd DCA 1971) (recognizing that testimony of transactions with deceased personally can be excluded, but not with deceased as an officer of a corporation).
We also find reversible error as to appellants' second point. We find that the trial court erred in not allowing the Viscitos to amend their pleadings to conform to the evidence, upon a motion made at the close of the evidence. Florida Rule of Civil Procedure 1.190(b) calls for the amendment of pleadings to conform to the evidence, "when issues not raised by the pleadings are tried by express or implied consent of the parties... ." The rule further provides that:

*196 If the evidence is objected to at trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform to the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice the objecting party in maintaining an action or defense on the merits.
See also Holy Temple Church of God in Christ v. Maxwell, 578 So.2d 877 (Fla. 1st DCA 1991). In Holy Temple the court allowed Holy Temple to amend its complaint and introduce evidence against an insurance company that it had never been licensed in Florida, even though it was outside the scope of the original negligence action. The first district reasoned that in accordance with Rule 1.190(b), the merits of Holy Temple's action would be more "effectually presented" and the purpose of the rule would be served by "freely" granting Holy Temple's request to amend. 578 So.2d at 879. Similarly the merits would be more effectually presented at bar by allowing the amendment, as there was testimony throughout the trial that the exclusive distributorship agreement was breached.
However, at bar, as in Holy Temple, the trial court was also required to inquire into whether the amendment would prejudice the opposing party. The lower court did not do so. Nonetheless, even if it had, there would have been no evidence of prejudice. First, there was testimony at trial from Carbon's representative, indicating that Carbon had knowledge of the oral agreement. In addition, as an affirmative defense Carbon asserted that the parties had an oral agreement terminable at will, which also revealed sufficient knowledge of the agreement so as to vitiate any prejudice. Thus, since the merits of the action would have been more effectually presented if the amendment had been allowed, and there would have been no resulting prejudice, we reverse based on a consideration of this point on appeal.
The Viscitos also contend that the lower court erred in awarding attorney's fees and costs to Carbon. However, based on our decision to reverse, the attorney's fee issue is moot and an attorney's fee award will be dependent on the outcome at retrial.
HERSEY and STEVENSON, JJ., concur.
NOTES
[1] § 90.602, Fla. Stat. (1991). It seems more appropriate that this statute be referred to as the "Dead Person Statute." It shall be so referred to in this opinion. We would invite the Legislature to consider making such change official at its earliest opportunity.
[2] RGE prevailed in the action against them and no appeal was taken.