SILBERMAN, Judge.
Appellants Dell Liebreich, individually and as personal representative of the estate of Lisa McPherson, Kennan Dandar, and Thomas Dandar (the appellants) challenge a final judgment awarding attorney’s fees and expenses of $11,824.26 as a sanction to appellee Church of Scientology Flag Service Organization, Inc. (Flag). We reverse the final judgment and remand for further proceedings in accordance with the provisions of Florida Rule of Civil Procedure 1.380(a).
Flag filed suit against Liebreich for breach of contract and tortious interference with a contractual relationship. The Dandars represent Liebreich in this and other litigation involving the Church of Scientology. During Liebreich’s deposition, which took place in Texas, her counsel advised her not to answer questions on various grounds, including attorney-client privilege. Flag’s counsel adjourned the deposition and obtained a telephone conference before Judge Baird. Judge Baird declined to rule on specific questions without a motion to compel discovery, but he cautioned Liebreich’s counsel that any improper assertions of privilege would be sanctioned. The deposition resumed and counsel advised Liebreich to refrain from answering a number of further questions on attorney-client privilege and other grounds.
After the deposition, Flag filed a motion pursuant to Florida Rule of Civil Procedure 1.380(a), seeking an order compelling Liebreich to answer seventeen specific questions and seeking an award of the expenses incurred in bringing the motion. The trial court heard the motion and determined that five of the questions were protected by the attorney-client privilege and that Liebreich need not answer them. The trial court determined that the remaining twelve questions were not protected by any privilege and ordered Liebreich to answer those twelve questions. The trial court ordered sanctions, stating that Flag was entitled to recover its reasonable attorney’s fees and expenses in connection with the motion to compel and the Texas deposition. After a hearing to determine the reasonable amount of fees and expenses, the trial court entered a final judgment awarding Flag a total of $11,824.26 as a sanction against Liebreich and her counsel. This total included fees and expenses for obtaining the order compelling discovery and for a portion of the fees and costs incurred for the Texas deposition.
Rule 1.380(a)(4) provides for the award of expenses on a motion for order compelling discovery and states:
If the motion is granted and after opportunity for hearing, the court shall require the party or deponent whose conduct necessitated the motion or the party or counsel advising the conduct to pay to the moving party the reasonable expenses incurred in obtaining the order that may include attorney’s fees, unless the court finds that the opposition to the motion was justified or that *660 other circumstances make an award of expenses unjust. If the motion is denied and after opportunity for hearing, the court shall require the moving party to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion that may include attorney’s fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust. If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred as a result of making the motion among the parties and persons.
(Emphasis added). When a trial court grants a motion to compel discovery under rule 1.380(a), the rule “specifically limits the award of costs to those ‘reasonable expenses incurred in obtaining the order.’” Ford Motor Co. v. Garrison, 415 So.2d 843, 845 (Fla. 1st DCA 1982) (quoting rule 1.380(a)(4) and reversing an award of costs because they were not reasonably related to the plaintiff’s efforts to secure the order compelling discovery).
Here, the trial court awarded fees and costs incurred to obtain the order compelling discovery and in taking Leibreich’s deposition in Texas. Flag’s counsel acknowledged at oral argument, and our review of the record confirms, that Flag’s motion sought sanctions only under rule 1.380(a). In its written response opposing Flag’s motion to compel discovery and for sanctions, Liebreich pointed out that rule 1.380(a) did not support an award of fees and expenses in connection with the Texas deposition. Nevertheless, the trial court awarded a portion of the deposition fees and expenses as a sanction. Because the award was not authorized under rule 1.380(a), we must reverse the final judgment and remand for the trial court to determine sanctions based only on the reasonable expenses incurred in obtaining the order compelling discovery.[1]
In addition, Liebreich argues that the trial court should have denied the request for sanctions, or at least apportioned the award, because the trial court found in Flag’s favor on twelve of the questions but found in Liebreich’s favor on five of the questions. Rule 1.380(a)(4) provides that if the court grants the motion in part and denies the motion in part, “the court may apportion the reasonable expenses incurred as a result of making the motion among the parties and persons.” The trial court made no findings concerning whether it considered apportioning the expenses, and it is unclear from our record whether the trial court considered apportionment. On remand, the trial court may award the reasonable expenses incurred in obtaining the order compelling discovery and should consider whether to apportion the expenses based on its ruling that Liebreich need not answer five of the seventeen questions. In all other respects, we affirm the trial court’s rulings.
Affirmed in part, reversed in part, and remanded.
SALCINES and NORTHCUTT, JJ., Concur.

. We note that in appropriate circumstances additional sanctions may be awarded under Florida Rule of Civil Procedure 1.380(b), including an award of expenses and attorney's fees for failure to obey a discovery order. Sanctions under rule 1.380(b) were not requested in Flag's motion.