TORPY, J.
After a jury trial, the lower court entered judgment that invalidated a quitclaim deed wherein Appellee and his late wife purportedly conveyed to Appellants a remainder interest in a parcel of property. The sole issue on appeal is whether the findings of the jury contained in the special verdict were sufficient to support the court’s conclusion that the deed must be declared invalid. We conclude that they were not and therefore reverse and remand for a new trial.
In May of 1989, Appellee and his late wife executed a quit-claim deed concerning a parcel of property located in Seminole County. The deed contained the signature of two witnesses and a notary. The deed reserved life estates in Appellee and his late wife and conveyed remainder estates to Appellants in varying percentages. In *1046 December of 2000, Appellee brought this action to obtain a declaratory judgment and to quiet title based on the alleged invalidity of the deed. In an amended complaint, Appellee alleged first that his signature on the deed was fraudulently procured by affirmative misrepresentations by his late wife, and second, that the deed was “void” because the witnesses and notary were not present when Appellee signed the deed. Appellants denied that the deed was procured by fraud and asserted as an affirmative defense that Ap-pellee’s challenge to the deed was time-barred pursuant to the limitations provisions of section 95.281, Florida Statutes (2001).
The case was tried by jury. The verdict form submitted to the jury, which was proposed by Appellee, was as follows:

VERDICT

We, the jury, return the following verdict:
1. Was the execution of the May 10, 1989, deed properly witnessed and acknowledge [sic]?
__YES _ NO
If you answer “YES”, proceed to answer Question No. 2. If you answer “NO”, please skip Question No. 2 and proceed to sign and date the Verdict form and return it to the Courtroom.
2. Was the execution of the May 10, 1989, deed procured by fraud or misrepresentation?
__YES _ NO
After answering Question No. 2, please sign and date the Verdict form. Verdict [sic] and return it to the Courtroom.
So say we all, this 19th day of MARCH, 2002.
(emphasis added).
Appellants objected to the verdict form because it failed to address their statute of limitations defense and permitted the jury to avoid answering the second question if the first question was answered in the negative. The lower court overruled Appellants’ objections. The jury returned a verdict answering the first question “no,” and, as instructed, failed to answer the second question. Based upon the verdict, the court entered judgment declaring that the deed was invalid. This appeal timely followed.
The issue on appeal is whether the jury’s finding that the deed was not properly witnessed and acknowledged, in and of itself, gives rise to the legal conclusion contained in the judgment that the deed must be invalidated, even in the face of Appellants’ assertion that the action is time-barred.
The applicable limitations statute, section 95.231, Florida Statutes, provides as follows:
(1) Five years after the recording of a deed or the probate of a will purporting to convey real property, from which it appears that the person owning the property attempted to convey or devise it, the deed or will shall be held to authorize the conveyance or devise of, or to convey or devise, the fee simple title to the real property, or any interest in it, of the person signing the instrument, as if there had been no lack of seal or seals, witness or witnesses, defect in acknowledgment or relinquishment of dower, in the absence of fraud, adverse possession, or pending litigation. The instrument shall be admissible in evidence.
(2) After 20 years from the recording of a deed or the probate of a will purporting to convey real property, no person shall assert any claim to the property against the claimants under *1047 the deed or will or their successors in title.
(3) This law is cumulative to all laws on the subject matter.
(emphasis added).
Appellee acknowledges that the instant action was filed more than five years after the deed was recorded. Therefore, absent “fraud, adverse possession, or pending litigation,” the statute bars the claim.[1] Earp & Shriver, Inc. v. Earp, 466 So.2d 1225 (Fla. 2d DCA 1985). Because the jury was not permitted to address the issue of whether fraud in the procurement of the deed occurred, there was no finding by the jury sufficient to overcome the statute of limitations defense. Under these circumstances, entry of judgment for Appellee was erroneous.
REVERSED and REMANDED.
PETERSON and PALMER, JJ., concur.

. We have considered Appellee’s argument that, because the property is "homestead,” the deed is "void.” Relying on Reed v. Fain, 145 So.2d 858 (Fla.1962), Appellee argues that section 95.231 does not apply to a "void” deed. We decline to consider this argument, however, as it was not asserted in the Amended Complaint or Reply as a basis for voiding the deed or avoiding the defense. Moreover, the incomplete record before us does not support the accuracy of the factual assertion or that this legal issue was properly presented to the lower court. Therefore, we express no opinion on the viability of this theory.