531 So.2d 356 (1988)
FOREST CREEK DEVELOPMENT COMPANY, Etc., et al., Appellants,
v.
LIBERTY SAVINGS & LOAN ASSOCIATION, Appellee.
No. 87-804.
District Court of Appeal of Florida, Fifth District.
August 18, 1988.
Rehearing Denied September 26, 1988.
*357 Thomas F. Neal, and David H. Simmons, of Drage, deBeaubien, Knight & Simmons, Orlando, for appellants.
Robert L. Young and Pascal DeBoeck, of Carlton, Fields, Ward, Emmanuel, Smith, Cutler & Kent, P.A., Orlando, for appellee.
SHARP, Chief Judge.
Forest Creek Development Company, et al., appeals from an order granting Liberty Savings and Loan Association's motion to dismiss Forest Creek's amended complaint with prejudice. Forest Creek's causes of action concern Liberty's failure to honor a $250,000 loan commitment, and allegations that a $150,000 loan made by Liberty to Forest Creek was usurious. We reverse in part.
We agree with the trial judge that the count dealing with usury was properly dismissed. A defense to this count appears on the face of the complaint and its attachments. The mortgage note provides:
In no event shall the amount of interest due or payment in the nature of interest payable hereunder exceed the maximum rate of interest allowed by applicable law, as amended from time to time, and in the event any such payment is paid by the undersigned or received by the Holder, then such excess sum shall be credited as a payment of principal, unless the undersigned shall notify the Holder, in writing, that the undersigned elects to have such excess sum returned to it forthwith.
With regard to the breach of contract count, we find that the allegations are insufficient to state a cause of action. There are no specifics alleged regarding the amount of interest, terms of repayment, or funding. However, we think the trial court should have given Forest Creek a second chance to amend its complaint in the interest of justice. See Dingess v. Florida Aircraft Sales and Leasing, Inc., 442 So.2d 431 (Fla. 5th DCA 1983).
We find that the counts regarding misrepresentation and promissory estoppel do sufficiently state a cause of action, and that it was erroneous to have dismissed them. See Fontainbleau Hotel Corp. v. Walters, 246 So.2d 563 (Fla. 1971). Liberty appears to agree that the elements of both were well pled, but it contends Forest Creek waived its complaint as to Liberty's failure to honor its claimed $250,000 additional loan commitment by subsequently accepting a $150,000 loan from Forest Creek. Normally waiver is a defense not raised on the face of a complaint. As in this case, a waiver defense depends upon allegations of facts and their subsequent proof.[1] This issue cannot be determined on the basis of Forest's amended complaint. See, e.g., Ehmann v. Florida National *358 Bank at Ocala, 515 So.2d 1063 (Fla. 5th DCA 1987).
AFFIRMED in part, REVERSED in part, REMANDED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] "Waiver" is an intentional or voluntary relinquishment of a known right or conduct which infers such relinquishment. The essential elements of waiver are (1) existence of right at time of waiver; (2) privilege, advantage, or benefit which may be waived; (3) actual or constructive knowledge or right; and (4) intent to relinquish right. When waiver is to be implied from conduct, the acts, conduct, or circumstances relied upon to show waiver must make out a clear case. Taylor v. Kenco Chemical & Mfg. Corp., 465 So.2d 581, 587 (Fla. 1st DCA 1985).