**UNIVERSITY CREEK ASSOCIATES II, LTD., a Florida limited partnership, Plaintiff,**

v.

**BOSTON AMERICAN FINANCIAL GROUP, INC., a Delaware corporation, f/k/a Bostonia American Financial Group, Inc., and Credit Suisse First Boston Mortgage Capital LLC, a New York corporation, Defendants.**

No. 98–6634–CIV.

United States District Court, S.D. Florida.

June 22, 1999.

Order on Rehearing in Part March 13, 1999.

For the reasons stated below, the Court denies the motion to strike allegations and the motion to dismiss Count III. Moreover, the Court deems the motion to dismiss Counts I, II and IV as a motion for summary judgment, since University has relied upon (albeit, not yet submitted) matters outside the pleadings in opposition to the motion to dismiss. Thus, pursuant to Fed.R.Civ.P. 12(b), the Court will dispose of the motion in accordance with Fed. R.Civ.P. 56, after all parties have been given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56. Due to the time constraints arising from this determination, the Court will remove the case from the July 19, 1999 trial calendar.

Steven Mark Katzman, Tew Cardenas Rebak Kellogg Lehman, Demaria & Tague LLP, West Palm Beach, FL, Andrew T. Lavin, Navon Kopelman O'Donnell & Lavin, Fort Lauderdale, FL, for Plaintiff.

William R. Clayton, Patrick Edward Gonya, Jr., Fowler White Burnett Hurley Banick & Strickroot, Miami, FL, for Defendants.

## ORDER ON DEFENDANTS' MOTION TO STRIKE AND MOTION TO DISMISS AMENDED COMPLAINT

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Defendants Boston American Financial Group, Inc. and Credit Suisse First Boston Mortgage Capital, LLC's (collectively, "the Boston defendants") motion to strike as false and sham certain allegations in Plaintiff University Creek Associates II, LTD.'s ("University") amended complaint. The Boston defendants further argue that, absent the challenged allegations, Counts I, II, and IV of the amended complaint fail to state claims for breach of contract and anticipatory repudiation. Finally, the Boston defendants seek dismissal of Count III, a claim predicated on promissory estoppel.

## PROCEDURAL BACKGROUND

University commenced this action in state court with the filing of a four-count complaint, asserting claims for breach of contract, anticipatory repudiation and promissory estoppel. On June 18, 1998, the Boston defendants removed the action, based on diversity jurisdiction. Thereafter, the Boston defendants moved to dismiss the complaint.

In its original complaint, University alleged the following facts. In June, 1997, the Boston defendants offered to procure a loan for Mercader, Schwartz, Karp & Company ("MSK") for the purpose of acquiring real property leased and occupied by a Winn–Dixie store. Acting upon the Boston defendants' instructions, MSK formed University as a "special purpose entity" to be both the borrower and purchaser of the property. On September 10, 1997, MSK and the Boston defendants executed a commitment agreement, which University characterizes as a contract. (The purported contract was submitted as Exhibit "A" to the complaint). Thereafter, on October 10, 1997, the Boston defendants sent MSK a second commitment agreement, which University characterizes as an anticipatory repudiation of the first

agreement. The loan by the Boston defendants never materialized and University sought and obtained alternative financing to purchase the property. In its complaint, University also alleged that it had materially changed its position and incurred expenses in reliance of the first commitment agreement. Upon these facts, University predicated its claims for breach of contract (Count I), anticipatory repudiation (Count II), breach of duty of good faith and fair dealing (Count IV), and promissory estoppel (Count III).

In their motion for dismissal of the contract claims, the Boston defendants argued that the September 10, 1997 commitment agreement lacked essential elements. In addressing the motion, the Court examined the documents submitted by University as Exhibit "A" to the complaint, which consisted of a two-page letter agreement executed by the Boston defendants and MSK, as well as two additional pages reflecting numerical projections. In an order dated October 21, 1998, the Court noted that the letter proposed two types of loans, a fully amortized and an insured balance loan, each with a different principal amount; that the letter did not specify an interest rate; that a number of conditions precedent had to be satisfied prior to closing; and that the words "this proposal represents an expression of interest ... to enter into an agreement to provide financing subject to changes in market conditions" appeared on the two pages showing numerical projections. The Court went on to rule as follows:

> A breach of contract claim predicated on an instrument that fails to specify the amount of interest, terms of repayment, or funding does not state a cause of action under Florida law. *Forest Creek Dev. Co. v. Liberty Savings & Loan Assoc.*, 531 So.2d 356, 357 (Fla. 5th DCA 1988). Because essential terms of this loan agreement are lacking, University's claim for breach of contract and antici-

> patory repudiation must be dismissed.... Because University's breach of contract claim is subject to dismissal, [the] claim [for breach of duty of good faith and fair dealing] too must be dismissed.

*See* Order dated October 21, 1998, at 6–7. Having found that there was no contract, the Court dismissed Counts I, II and IV with prejudice. After addressing the Boston defendants' arguments with respect to Count III, the Court concluded that University had sufficiently pled the claim for promissory estoppel asserted in that count. Within the time frame prescribed by the Court's order, the Boston defendants answered the complaint as to that remaining count.

On November 2, 1998, University filed a motion for rehearing, objecting to the Court's dismissal of the contract claims. University took issue with the Court's comments that a number of conditions precedent had to be satisfied prior to closing; and that the words "this proposal represents an expression of interest ... to enter into an agreement to provide financing subject to changes in market conditions" appeared on the two pages showing numerical projections.[1] Since the Court's ruling was not predicated on these observations, but rather on the failure to specify the type of loan, the loan amount, and the interest rate, these objections lacked merit. University further argued that the inclusion of two loan options in the commitment agreement did not render it indefinite; and that the interest rate was ascertainable based on a prescribed formula. Alternatively, University sought leave to amend the complaint to allege that the missing essential elements were agreed upon by the parties. According to University, "An enforceable contract does not have to be included in one specific document, and instead can be comprised of a number of writings or a writing and oral agreements. UNIVERSITY was lawfully

---

1. According to University, even though they had been submitted as part of Exhibit A, the two numerical projections pages were not part of the purported contract.

entitled to the opportunity to file an amended complaint and set forth allegations which would overcome the items identified by this Court as rendering the Commitment Agreement unenforceable. UNIVERSITY is still entitled to this opportunity." *See* Motion for Rehearing, at 11.

In light of the foregoing representations, the Court granted in part the motion for rehearing. By Order dated March 31, 1999, the Court rendered the dismissal of Counts I, II and IV without prejudice and granted University leave to file an amended complaint. On April 19, 1999, University filed its amended complaint. By that time, University's original counsel had withdrawn and new counsel had entered an appearance.

## DISCUSSION

The Boston defendants now move to strike as sham or false the following allegations contained in Paragraph 16 of the amended complaint:

> Prior to October 1, 1997, and pursuant to said Agreement, Plaintiff UNIVERSITY had selected the Fully Amortizing Loan option, and Defendants acknowledged and agreed to such selection, as indicated by Defendant BOSTONIA's correspondence of October 1, 1997 (Exhibit "C") ("... all that remains is to receive from the tenant...") and October 10, 1997 (Exhibits "D" and "E"), which reference only a "Fully Amortizing" loan as one of the "terms of the transaction."

The Boston defendants also move to strike the portion of Paragraph 22 referring to "the Fully Amortizing Loan which BOSTONIA and CREDIT SUISSE were obligated to provide to Plaintiff, UNIVERSITY, pursuant to the Commitment Agreement."

The Boston defendants argue that the foregoing allegations are inconsistent with the original complaint and with University's prior posture in this litigation that it had never selected one of the two loan options. In granting University leave to amend Counts I, II and IV, however, the Court assumed the good faith of the representations made by University (through its attorneys, as officers of the Court) that it could properly allege the essential elements of a contract. If the facts asserted in the amended complaint are not ultimately established, University will end up in the same posture as it was prior to filing its motion for reconsideration, with one exception. University and its counsel may become subject to sanctions if, as the Boston defendants argue, they have been playing "fast and loose" with the Court. At this stage of the proceedings, however, the Court is not in a position to make such a judgment. Therefore, the Court denies the Boston defendants' motion to strike.

As previously noted, the Boston defendants' motion to dismiss was predicated on the striking of the challenged allegations. Therefore, assuming the truth of all of the facts alleged in the amended complaint, Counts I, II and IV sufficiently assert claims for breach of contract and anticipatory retaliation. Nevertheless, in opposition to the motion to dismiss, University makes certain representations regarding the deposition testimony of Scott Wentnick, taken on May 4, 1999, and argues that said testimony supports the truth of the challenged allegations.[2] In so doing, University has relied upon matters outside the pleadings. Therefore, pursuant to Fed.R.Civ.P. 12(b), the Court will treat the motion to dismiss Counts I, II and IV as one for summary judgment after all parties have been given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.[3] In light of

---

**2.** University offered to file the transcript of the deposition as soon as it became available, but has not done so. In their reply memoran-

dum, the Boston defendants dispute University's version of Wentnick's testimony.

**3.** The Boston defendants also seek dismissal of Count III, the claim predicated on promis-

this determination, the Court will remove this action from its current setting on the July 19, 1999 trial calendar.

### CONCLUSION

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED as follows:

(1) The Boston defendants' motion to strike as false and sham certain allegations in University's amended complaint is DENIED.

(2) The Boston defendants' motion to dismiss Count III is DENIED.

(3) The Boston defendants' motion to dismiss Counts I, II and IV is DEEMED a motion for summary judgment.

(4) The parties are hereby notified that this Court will begin consideration of the Boston defendants' motion to dismiss Counts I, II and IV, deemed a motion for summary judgment, sixty days from the date of this order. Prior to that time, each party shall file a supplemental memorandum and evidentiary materials in support of, or opposition to, the motion, as appropriate. Moreover, University is specifically directed to file the transcript of the deposition of Scott Wentnick, taken on May 4, 1999, within the prescribed time period.

(5) This action is REMOVED from the July 19, 1999 trial calendar. After disposition of the pending motion for summary judgment, the Court will reset the case for trial. If the motion for summary judgment is granted, the case will proceed to trial as to Count III only. Otherwise, the Court will afford University an opportunity to elect the theory upon which it will proceed to trial (contract or quasi-contract) and set the case accordingly.

sory estoppel. The Court finds no merit in any of the arguments advanced by the Boston defendants and concludes that this claim may be properly asserted by University in the alternative to its breach of contract claims, subject to the Court's ruling on the motion for summary judgment. If the breach of contract claims survive summary judgment, then, prior to trial, University must elect which theory it will pursue (contract or quasi-contract).

### ORDER ON PLAINTIFF'S MOTION FOR REHEARING

THIS CAUSE came before the Court upon Plaintiff University Creek Associates II, LTD.'s ("University") motion for rehearing of the Court's order dismissing with prejudice Counts I, II, and IV of University's complaint. Upon due consideration, it is

ORDERED AND ADJUDGED that the motion for rehearing is GRANTED in part. The dismissal of Counts I, II and IV shall be without prejudice. Accordingly, it is further

ORDERED AND ADJUDGED that University has fifteen days from the date of this order to amend its complaint with respect to Counts I, II and IV.