638 So.2d 183 (1994)
Arthur LEVINE, et al., Appellants,
v.
UNITED COMPANIES LIFE INSURANCE COMPANY, Appellee.
No. 93-1404.
District Court of Appeal of Florida, Third District.
June 14, 1994.
*184 Friedman, Rodriguez & Ferraro, Paul D. Friedman, and A. Margaret Hesford, Miami, for appellants.
Holland & Knight, Daniel S. Pearson, and Lucinda A. Hofmann, Miami, for appellee.
Before JORGENSON, LEVY and GERSTEN, JJ.
PER CURIAM.
Appellants, Arthur Levine, et al., appeal from a judgment of foreclosure and money damages. We reverse in part and affirm in part.
Appellee, United Companies Life Insurance Co., correctly concedes the first two points on appeal. First, guarantors of a purchase mortgage loan should be liable only for the amount of a deficiency if established subsequent to a foreclosure. See Hatton v. Barnett Bank, 550 So.2d 65, 66-68 (Fla. 2d DCA 1989). Therefore, the guarantors here may not be held liable for the full amount of the judgment prior to a determination of a deficiency. Second, appellee is not entitled to an award for appraisal and environmental assessment fees where the loan documents do not provide for either fee.
Turning to the contested issue on appeal, we conclude that the trial court did not abuse its discretion in denying appellants' motion to amend their pleadings to state an affirmative defense of usury. See Costa Bella Dev. Corp. v. Costa Dev. Corp., 445 So.2d 1090 (Fla. 3d DCA 1984). While the trial court has discretion to grant amendments to pleadings even during trial, this liberality diminishes as the case progresses. Ruden v. Medalie, 294 So.2d 403, 406 (Fla. 3d DCA 1974).
In addition, the mortgage note expressly stated that interest was to be charged only at a lawful percentage. The inclusion of this language in loan documents has been held to warrant dismissal of a usury claim. Forest Creek Dev. Co. v. Liberty Sav. & Loan Ass'n, 531 So.2d 356, 357 (Fla. 5th DCA 1988), review denied, 541 So.2d 1172 (Fla. 1989).
Finally, the trial court did not award the prepayment penalty. Appellants had asserted that this penalty in combination with the default interest rate constituted usury. Thus, the court's refusal to permit the amendment was harmless since the court effectuated the parties' expressed intent that a usurious rate not be charged or received. Accordingly, we reverse the trial court on the issues to which appellee confessed error while, at the same time, affirming the trial court's denial to amend the pleadings.
Reversed in part; affirmed in part.