PER CURIAM.
We have for review Levine v. United Companies Life Insurance Co., 638 So.2d 183 (Fla. 3d DCA 1994), which directly and expressly conflicts with Jersey Palm-Gross, Inc. v. Paper, 639 So.2d 664 (Fla. 4th DCA 1994), approved, 658 So.2d 531 (Fla.1995). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the result reached by the district court but disapprove the opinion below insofar as it conflicts with our opinion issued in Jersey Palm-Gross, Inc. v. Paper, 658 So.2d 531 (Fla.1995).
This ease arose from a suit to foreclose a mortgage by United Companies Life Insurance Company (United Companies) against the petitioners. Petitioners (the borrowers) are beneficiaries of a trust which held title to a small neighborhood office center in West Kendall. On January 8, 1990, the trust was loaned $1,300,000 by United Companies. The loan was secured by a mortgage. Pursuant to the mortgage agreement, petitioners were to make monthly installments of principal and interest on the first of every month. Subsequently, petitioners defaulted on the loan and United Companies sued to foreclose the mortgage and for damages. Ultimately, on November 30, 1992, petitioners answered the complaint and alleged one affirmative defense, unrelated to usury.
On January 7, 1993, the trial court entered partial summary judgment in favor of United Companies as to the principal amount of $1,289,441.67. Thereafter, the case was set for a non-jury trial for the week of April 19,1993. In February, United Companies renewed its motion for summary judgment as to other amounts due and owing.[1] In March 1993, the trial court granted, in part, United’s renewed motion for summary judgment as to the interest and taxes. As for the default interest, late charges, prepayment penalty, and fees, the trial court deferred ruling until further briefing by the parties. On April 2, 1993, petitioners moved for leave to amend their answer to include an affirmative defense of usury. The trial court denied their motion to amend the answer and reset the ease for trial. In its final order, the trial court awarded default interest of twenty-five percent from September 1, 1991, late charges, the appraisal fee and the environmental assessment fee, but did not award the prepayment penalty. Petitioners appealed the trial court’s order.
On appeal, petitioners raised three issues. United Companies conceded two issues, but contested the issue of whether the trial court had erred in denying petitioners’ motion to amend their answer to include a defense of usury. In answering this latter issue, the district court held that the trial court had not abused its discretion because the liberality typically associated with amendments to *267 pleadings diminishes as the case progresses. Levine, 638 So.2d at 183. Furthermore, citing to Forest Creek Development Co. v. Liberty Savings & Loan Ass’n, 531 So.2d 356, 357 (Fla. 5th DCA 1988), review denied, 541 So.2d 1172 (Fla.1989), the district court concluded that the inclusion of a usury savings clause in a loan document “has been held to warrant dismissal of a usury claim.” Id. at 184.
Recently, in Jersey Palm-Gross, Inc. v. Paper, 658 So.2d 531 (Fla.1995), we disapproved Forest Creek and held that a usury savings clause does not preclude, as a matter of law, a finding of usury. “Rather, ... a savings clause is one factor to be considered in the overall determination of whether the lender intended to exact a usurious interest rate.” 658 So.2d at 535.
Because the usury issue was rendered moot by the Third District’s affirmance of the trial court’s order denying leave to amend, the Third District’s reference to Forest Creek was technically dicta. In any case, however, we disapprove of that portion of the opinion although we approve of the result.
Accordingly, we approve the result reached and disapprove the opinion below only insofar as it conflicts with our decision in Jersey Palrm-Gross.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

. These amounts included interest, default interest, late charges, prepayment penalty, appraisal fee, environmental assessment fee and advances made for real estate taxes.