# Third District Court of Appeal

## State of Florida

Opinion filed March 16, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2965
Lower Tribunal No. 14-8089
_____

**RV-7 Property, Inc.,**
Appellant,

vs.

**Stefani De La O, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Bales Sommers & Klein, P.A., and Jason Klein, for appellant.

Law Office of Alberto Carrero, P.A., and Alberto Carrero, for appellee.

Before SUAREZ, C.J., and FERNANDEZ and SCALES, JJ.

SCALES, J.

Appellant and defendant below, RV-7 Property, Inc. (RV-7), appeals a

summary judgment in favor of Appellee and plaintiff below, Stefani De La O, Inc.

(Stefani). Because material facts exist that preclude summary judgment, we reverse.

### I. Facts and Procedural Background

In the trial court, Stefani filed a complaint for breach of contract against RV-7. Stefani alleged that RV-7 failed to pay Stefani for interior design services Stefani provided for RV-7. RV-7 initially admitted that it entered into a contract with Stefani, but disputed that RV-7 owed any money to Stefani and asserted that Stefani failed to perform its duties under the contract.

Stefani filed a motion for summary judgment, arguing that no disputed factual issues existed and that it was entitled to a judgment against RV-7 as a matter of law. The parties filed conflicting affidavits supporting and opposing Stefani's motion for summary judgment. Two days before the summary judgment hearing, RV-7 filed a motion for leave to amend its answer and affirmative defenses, essentially asserting that the design services contract was executed by Rubem Vasconcelos, the president of RV-7, in his personal capacity, and not as an agent for RV-7.

The trial court denied RV-7's motion to amend and granted Stefani's motion for summary judgment. The trial court also awarded attorney's fees to Stefani.

RV-7 raises three issues on appeal to this Court: (i) the trial court erred in denying RV-7's Motion for Leave to File Amended Answer and Affirmative

2

Defenses; (ii) the trial court erred in granting summary judgment for Stefani; and (iii) the trial court erred in awarding attorney's fees to Stefani.

**II. Standard of Review**

Each of RV-7's bases for appeal bears its own standard of review. A trial court decision whether to allow an amendment of a pleading is evaluated for abuse of discretion. Cobbum v. Citimortgage, Inc., 158 So. 3d 755 (Fla. 2d DCA 2015). We review a trial court's summary judgment order de novo. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126 (Fla. 2000). And, determinations on whether there exists a legal basis entitling a party to attorney's fees are reviewed de novo. Bateman v. Serv. Ins. Co., 836 So. 2d 1109 (Fla. 3d DCA 2003).

**III. Analysis**

*Motion for Leave to Amend*

First, the trial court erred when it denied RV-7's motion for leave to amend. Amendments to pleadings ought to be allowed freely unless there is a clear danger of prejudice, abuse, or futility. Laurencio v. Deutsche Bank Nat. Trust Co., 65 So. 3d 1190, 1193 (Fla. 2d DCA 2011); see Kay's Custom Drapes, Inc. v. Garrote, 920 So. 2d 1168, 1171 (Fla. 3d DCA 2006). If such dangers cannot be clearly established, the trial court abuses its discretion by denying the party's motion for leave to amend the pleading. Cobbum, 158 So. 3d at 756. The reason for the liberal allowance of amended pleadings is to provide the best chance for cases to be

3

decided on their merits. S. Developers & Earthmoving, Inc. v. Caterpillar Fin. Servs. Corp., 56 So. 3d 56 (Fla. 2d DCA 2011).

RV-7's Motion for Leave to Amend was offered before the summary judgment hearing took place. There appears to be no clear danger of prejudice or abuse here, so the only possible reason to disallow the opportunity to amend would be futility. While we may share the trial court's apparent concern regarding the ultimate success of RV-7's "new" affirmative defense, we cannot say that, as a matter of law, the amendment is futile. Any doubt with respect to futility should be resolved in favor of allowing the amendment, especially when leave to amend is sought at or before the summary judgment hearing. See Hart Properties, Inc. v. Slack, 159 So. 2d 236 (Fla. 1963). Thus, we conclude that the trial court erred in not allowing RV-7 to amend its answer.

### *Summary Judgment*

Second, the trial court erred when it granted Stefani's motion for summary judgment. In order to prevail on a motion for summary judgment, the moving party has an obligation to demonstrate conclusively the absence of any genuine issues of material fact. Moore v. Morris, 475 So. 2d 666, 668 (Fla. 1985). "The trial court must interpret every possible inference in favor of the non-movant, and should not enter summary judgment unless the facts are so crystallized that nothing remains

4

but questions of law." <u>Campaniello v. Amici P'ship</u>, 832 So. 2d 870, 872 (Fla. 4th DCA 2002).

Even without RV-7's amended pleading, the record evidence before the trial court – consisting of the parties' competing affidavits – created genuine issues of material fact regarding: (i) the parties to the contract; (ii) whether Stefani satisfactorily performed pursuant to the contract; and (iii) whether and how much Stefani was owed pursuant to the contract. These are issues of fact that must be evaluated by the trier of fact. Thus, the trial court erred in granting summary judgment.

### *Attorney's Fees*

Finally, the trial court erred in awarding attorney's fees to Stefani. Attorney's fees cannot be awarded in the absence of a statutory or contractual basis specifically entitling a party to such fees. <u>Price v. Tyler</u>, 890 So. 2d 246 (Fla. 2004).

In all the documents submitted to the trial court, Stefani made no allegation or argument in support of an entitlement to attorney's fees; and, on appeal, Stefani has cited no statutory or contractual basis for such entitlement. Stefani argues only the reasonableness of its requested fee amount. Similarly, in the final judgment, the trial court ruled on the reasonableness of the fees awarded, but provided no statutory or contractual basis for entitlement to an award of attorney's fees.

On this record, we see no basis for such an entitlement. Thus, the trial court erred in awarding attorney's fees in the final judgment.

**IV. Conclusion**

The trial court erred in (i) denying RV-7's motion for leave to amend, (ii) granting summary judgment for Stefani, and (iii) awarding attorney's fees to Stefani. We vacate the final judgment, and reverse and remand this case to the trial court for further proceedings consistent herewith.

Reversed and remanded.