IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LINDA G. MORGAN,

     Appellant,

v.                                   CASE NO. 1D15-2401

THE BANK OF NEW YORK MELLON,
f/k/a THE BANK OF NEW YORK,
AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF
CWALT 2400-25CB,

     Appellee.

_____/

Opinion filed September 19, 2016.

An appeal from the Circuit Court for Walton County.
William P. White, Jr., Judge.

Louis C. Arslanian, Hollywood, for Appellant.

J. Kirby McDonough and S. Douglas Knox of Quarles & Brady, LLP, Tampa, for
Appellee.


OPINION ON MOTION FOR REHEARING EN BANC

B.L. THOMAS, J.

     This cause is before us on Appellee's Motion For Rehearing En Banc.

We deny the motion. We withdraw our opinion of June 28, 2016, and substitute

this opinion in its place.

Appellant Linda G. Morgan appeals the trial court's order denying her pre-trial motion for leave to amend her answer to raise affirmative defenses. Appellant is a defendant in the instant foreclosure action initiated by Appellee, The Bank of New York Mellon (the Bank), acting as trustee. After the trial court denied Appellant's motion to amend, the case proceeded to trial, and a final judgment of foreclosure was entered in favor of the Bank. We hold that the trial court abused its discretion in denying Appellant's motion to amend and vacate the trial court's final judgment. We remand the case with instructions that Appellant be permitted to file an amended answer raising affirmative defenses.

Background

On December 17, 2009, the Bank filed a two-count complaint in the trial court seeking to reestablish a lost promissory note and foreclose a mortgage on real property owned by Appellant. The Bank alleged that Appellant stopped making mortgage payments on August 1, 2009, and thus sought the full amount due under the note secured by the mortgage. In January 2010, Appellant retained counsel to represent her in the matter. Appellant's counsel filed several motions in 2010 and 2011, but never filed an answer to the Bank's complaint.

Forward progress on the case stalled, and no significant action was taken until February 2014. That month, Appellant filed a pro se motion seeking to dismiss her counsel, alleging that she had not spoken to her counsel in over two

2

years. Also in February, the Bank found the original promissory note and filed it with the court. The original note named First Magnus Financial Corporation as payee. The note had two special endorsements, first to Countrywide Document Custody Services and then to Countrywide Home Loans; the third endorsement was blank; and none of the endorsements were dated. After finding the original note, the Bank dropped Count I of its complaint that sought to reestablish the note.

In March 2014, Appellant's counsel was discharged, and Appellant was ordered to retain new counsel. Appellant also filed two pro se answers.

The case was eventually set to be tried on January 28, 2015. On January 15 (13 days before trial), Appellant's newly-retained counsel filed a motion seeking leave to amend Appellant's answer. The proposed amended answer raised affirmative defenses for the first time and was the only pleading prepared by an attorney on Appellant's behalf. The trial court denied the motion to amend as "untimely" and also denied Appellant's motion for reconsideration. The case proceeded to trial, and a final judgment of foreclosure in favor of the Bank was entered. This appeal followed.

<u>Analysis</u>

The ruling on a motion to amend a pleading is within the discretion of the trial court, and the court's decision will not be overturned on appeal unless abuse of discretion is demonstrated. <u>Holy Temple Church of God in Christ, Inc. v.</u>

3

Maxwell, 578 So. 2d 877, 878 (Fla. 1st DCA 1991). The Florida Rules of Civil Procedure encourage a policy of liberality in allowing litigants to amend their pleadings, especially prior to trial; this policy exists so that cases will be tried on their merits. Fla. R. Civ. P. 1.190(a); Hatcher v. Chandler, 589 So. 2d 428, 429 (Fla. 1st DCA 1991). Broad discretion is given to the trial court to grant or deny a motion to amend; as such, there is no bright-line rule as to when a motion to amend is "untimely." See Greenburg v. Johnston, 367 So. 2d 229, 231 (Fla. 2d DCA 1979). Instead, "[t]he relevant inquiry is whether 'allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.'" Cedar Mountain Estates, LLC v. Loan One, LLC, 4 So. 3d 15, 16 (Fla. 5th DCA 2009) (quoting State Farm Fire & Cas. Co. v. Fleet Fin. Corp., 724 So. 2d 1218, 1219 (Fla. 5th DCA 1998)). Absent exceptional circumstances, motions for leave to amend should be granted, and refusal to do so constitutes an abuse of discretion. Thompson v. Jared Kane Co., Inc., 872 So. 2d 356, 360 (Fla. 2d DCA 2004).

Appellant has not abused the privilege to amend, because the denied motion at issue was the first time she sought to amend her answer. See Thompson v. Publix Supermarkets, Inc., 615 So. 2d 796, 797 (Fla. 1st DCA 1993). Therefore, the question is whether Appellant's proposed amended answer would prejudice the Bank or would be futile.

4

Whether granting the proposed amendment would prejudice the opposing party is analyzed primarily in the context of the opposing party's ability to prepare for the new allegations or defenses prior to trial. Dimick v. Ray, 774 So. 2d 830, 833 (Fla. 4th DCA 2000). Accordingly, rule 1.190's liberal amendment policy diminishes as a case progresses to trial. Ohio Cas. Ins. Co. v. MRK Constr., Inc., 602 So. 2d 976, 978 (Fla. 2d DCA 1992).

Appellant filed her motion to amend 13 days before trial. Her proposed amended answer raised eight affirmative defenses, three of which she raises on appeal: (1) failure to comply with a condition precedent, i.e. acceleration; (2) failure to comply with a condition precedent, i.e. notice pursuant to section 559.715, Florida Statutes (2016); and (3) lack of standing. The Bank cannot show that it would be prejudiced by Appellant's defense that it did not provide her with the 30-day notice required by paragraph 22 of the mortgage prior to acceleration, because the defense concerns the Bank's failure to comply with its own documents. See Cobbum v. Citimortgage, Inc., 158 So. 3d 755, 757 (Fla. 2d DCA 2015). The Bank also cannot show prejudice as to Appellant's defense that it did not comply with the notice requirement in section 559.715 before filing suit. In its complaint, the Bank alleged that all conditions precedent to filing suit had been performed or had occurred, and courts have held that "requiring a plaintiff to prove its allegations is not prejudice to the plaintiff; it merely offers due process to the

5

defendants." Thompson, 872 So. 2d at 360. Finally, the Bank has not demonstrated prejudice as to Appellant's defense that it lacked standing to foreclose. Under Florida law, "[t]he party seeking foreclosure must present evidence that it owns and holds the note and mortgage to establish standing to proceed with a foreclosure action." Mazine v. M & I Bank, 67 So. 3d 1129, 1131 (Fla. 1st DCA 2011) (citing Servidio v. U.S. Bank Nat'l Ass'n, 46 So. 3d 1105 (Fla. 4th DCA 2010)). Because the Bank already had the burden to present evidence establishing its standing, it cannot claim it is prejudiced by Appellant's defense challenging the sufficiency of that evidence.

Courts have held that proposed amendments are futile when they are not pled with sufficient particularity or are "insufficient as a matter of law." Thompson v. Bank of N.Y., 862 So. 2d 768, 770 (Fla. 4th DCA 2003). Defenses are insufficient as a matter of law when they are "conclusory in their content, and lacking in any real allegations of ultimate fact demonstrating a good defense to the complaint." Cady v. Chevy Chase Sav. & Loan, Inc., 528 So. 2d 136, 137-38 (Fla. 4th DCA 1988).

Appellant's defenses that the Bank failed to comply with the conditions precedent contained in her mortgage and section 559.715, Florida Statutes, are not futile.[1] Rule 1.120(c) of the Florida Rules of Civil Procedure requires denials of

---

[1] The case law in Florida is unclear regarding section 559.715 and whether it

6

performance of conditions precedent be made "specifically and with particularity." A defendant must identify "both the nature of the condition precedent and the nature of the alleged noncompliance or nonoccurrence." Deutsche Bank Nat'l Trust Co. v. Quinion, 41 Fla. L. Weekly D177 *3 (Fla. 2d DCA 2016). Appellant's proposed answer met these requirements for both conditions precedent.

Appellant's proposed defense that the Bank lacked standing to foreclose is also not futile. While possession of a note bearing a blank endorsement is sufficient to establish that a plaintiff is the lawful holder of the note and is entitled to enforce its terms, the Bank still needed to present evidence that it owned and held the note and mortgage at the time the foreclosure complaint was filed to establish standing to proceed with the action. Riggs v. Aurora Loan Servs., LLC, 36 So. 3d 932, 933 (Fla. 4th DCA 2010); Mazine, 67 So. 3d at 1131.

We do not disagree with the cases cited by the dissent, but instead conclude that they are distinguishable from the case at bar. In Brown v. Montgomery Ward & Company, the plaintiff sought to amend his complaint two weeks before trial to raise different issues of liability as grounds for relief. 252 So. 2d 817 (Fla. 1st DCA 1971). This court held that it was not an abuse of discretion to deny

---

creates a condition precedent in foreclosure actions. However, the only issue addressed here is whether the defense was properly raised in accordance with the Florida Rules of Civil Procedure. See Deutsche Bank Nat'l Trust Co. v. Quinion, 41 Fla. L. Weekly D177 (Fla. 2d DCA 2016).

plaintiff's motion to amend because it clearly appeared that the amended pleading "would materially change and introduce into the case new issues." Id. at 819. In Levine v. United Companies Life Insurance Company, the supreme court approved the district court's holding that the trial court did not abuse its discretion by denying defendant's motion to amend two weeks before trial; however, the court wrote mainly to disapprove the portion of the district court's opinion that held a usury savings clause precluded a finding of usury. 659 So. 2d 265, 266-67 (Fla. 1995). Consequently, there was little discussion of the procedural facts and no discussion of the trial court's reasoning for denying the motion to amend, making it difficult to compare Levine to the instant case.

We note that this foreclosure action has lasted more than six years; however, we find it significant that most of the delay in this case is attributable to the Bank, not Appellant. Furthermore, we must also recognize that the purpose of rule 1.190 is "to achieve justice and allow the parties to fully present their respective positions." Walker v. Senn, 340 So. 2d 975, 976 (Fla. 1st DCA 1976). Here, where Appellant's first attorney never filed an answer on her behalf and Appellant's pro se answers did not raise any affirmative defenses, we hold that under the circumstances of this case, it was an abuse of discretion to deny Appellant's motion to amend filed by counsel. Therefore, the final judgment of the

8

trial court is vacated, and the case is remanded with instructions that Appellant be permitted to file an amended answer.

REVERSED and REMANDED with instructions.

LEWIS, J., CONCURS; MAKAR, J., DISSENTING.

MAKAR, J., dissenting.

Filed in 2009, this case was initially set for trial in early 2014, but Morgan fired her attorney just before trial, resulting in delays, a rescheduled trial date, and the filing of two pro se answers. Thirteen calendar days before the third trial date, Morgan's newly-hired attorney sought to file an amended answer, which the trial court denied. Affirmance is in order; no abuse of discretion is shown. Brown v. Montgomery Ward & Co., 252 So. 2d 817, 819 (Fla. 1st DCA 1971) ("Under the circumstances of this case we cannot say that the trial court abused its discretion in denying appellant the right to file an amended complaint two weeks before the scheduled trial and after several years of pendency in the court."); see also Levine v. United Co. Life Ins. Co., 659 So. 2d 265, 266-67 (Fla. 1995) (affirming denial of motion to amend answer filed two weeks before trial; holding that trial court "had not abused its discretion because the liberality typically associated with amendments to pleadings diminishes as the case progresses").

After internal review of the bank's motion for rehearing en banc, the majority opinion has been revised to ensure that it is constrained to its facts, so much so that it falls into a category of cases that are "limited to the present circumstances" and ought never be cited as precedent. See Bush v. Gore, 531 U.S. 98, 109 (2000); see Chad Flanders, Please Don't Cite This Case! The Precedential Value of Bush v. Gore, 116 Yale L.J. Pocket Part 141, 144 (2006) ("The Court has

10

so far behaved as if *Bush v. Gore* does not exist, not yet having cited it (pro or con) in any case."). Moreover, it remains an outlier in a sea of contrary caselaw (<u>see</u> <u>Brown</u> and <u>Levine</u>); absent some future case in this District that happens to be identical in every respect with this one, trial judges should refer to the bountiful precedent that appropriately applies principles of deference to their discretionary decisions whether to grant leave to amend and continue court proceedings.