NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ENEIDA REYES,                          )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D15-3495
                                       )
BAC HOME LOANS SERVICING L.P.,         )
                                       )
          Appellee.                    )
_____)

Opinion filed September 6, 2017.

Appeal from the Circuit Court for
Hillsborough County; Perry A. Little,
Senior Judge.

David D. Sharpe of The Law Office of
Dario Diaz, P.A., Tampa, for
Appellant.

Jessica Conte and Kimberly N.
Hopkins of Shapiro, Fishman &
Gache, LLP, Tampa, for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

          Eneida Reyes appeals from a final summary judgment of foreclosure in

favor of Plaintiff, BAC Home Loans Servicing, L.P.  Specifically, she argues that the trial

court erred in denying her motion to amend her answer and affirmative defenses and

subsequently granting BAC's motion for summary judgment.  We agree with Reyes and

reverse.

**FACTS**

Reyes bought her Tampa home in 1983. In 2007, at the age of seventy-four, she refinanced the mortgage on her home for approximately $100,000. Before the refinance, her monthly principal and interest payment (P&I) was about $250. After the refinance, her monthly P&I was about $885.

BAC filed its foreclosure complaint on January 21, 2010, alleging that Reyes had last paid her mortgage in September 2009. After BAC moved for summary judgment on September 1, 2011, Reyes retained counsel, who successfully moved to vacate a previously entered default and filed an answer that included eleven affirmative defenses. In December 2012, following a hearing, the trial court struck eight of the affirmative defenses without prejudice and gave Reyes thirty days to file an amended answer and affirmative defenses. Reyes did not file an amended answer and affirmative defenses within those thirty days. Instead, the parties engaged in discovery and a failed attempt at mediation.

Finally, a hearing on BAC's still-pending motion for summary judgment was scheduled for May 19, 2015. Shortly before the hearing, Reyes filed an affidavit in opposition to the motion for summary judgment, a transcript of the recent deposition of BAC's corporate representative, a motion to amend her answer and affirmative defenses, and a memorandum of law on her affirmative defense of predatory lending. In the motion to amend, Reyes's counsel explained that he had "just recently uncovered the fact that the affirmative defenses were not re-pleaded." He also asserted that the parties had been engaged in ongoing settlement efforts, that Reyes had made reasonable attempts to resolve the case but BAC had been uncooperative, and that the

deposition testimony of BAC's corporate representative supported Reyes's affirmative defense of predatory lending.  At the May 19, 2015, hearing, the trial court denied Reyes's motion to amend, granted BAC's motion for summary judgment, and entered a Uniform Final Judgment of Foreclosure.

Reyes timely moved for rehearing.[1]  At the July 6, 2015, hearing on that motion, Reyes's counsel reiterated the trial court's apparent rationale for denying the motion to amend:  "[T]he court was not satisfied with the length of time that had elapsed since . . . [the] order striking most of the Affirmative Defenses . . . ."  Counsel explained that he had drafted the amended pleading in 2011 and Reyes had verified it at that time, but, due to his own oversight, it had never been filed.  He characterized his oversight as "excusable neglect" and argued that BAC would suffer no prejudice if the court were to grant the motion to amend because the affirmative defenses were essentially the same defenses that Reyes had raised previously, albeit more fully developed.  Unswayed, the court stated:  "I'm going to stand by my original ruling.  I find no excusable neglect for late filing of the Amended Affirmative Defenses until a week before [the hearing on the motion for summary judgment]."  This appeal followed.

## ANALYSIS

As noted above, there is no transcript of the May 19, 2015, hearing on Reyes's motion to amend and BAC's motion for summary judgment.  Although BAC urges this court to affirm in light of the lack of a transcript, we are not constrained to do

---

[1]Our record lacks, among other things, a transcript of the May 19, 2015, hearing, an order denying Reyes's motion to amend, an order granting BAC's motion for summary judgment (although the first paragraph of the final judgment of foreclosure states, "[BAC's] Motion for Summary Judgment is GRANTED"), and Reyes's motion for rehearing.

so if there is error apparent on the face of the record.  See Celebrity Cruises, Inc. v. Fernandes, 149 So. 3d 744, 749 n.3 (Fla. 3d DCA 2014) (explaining that, although appellant's failure to provide transcript generally dictates affirmance, appellate court may review lower court's judgment for error apparent on its face notwithstanding absence of transcript).  Here, the record comprises, among other things, BAC's complaint, Reyes's original answer and affirmative defenses, Reyes's motion to amend and her proposed amended answer and affirmative defenses, BAC's response to Reyes's motion for rehearing, and a transcript of the July 6, 2015, hearing on Reyes's motion for rehearing, which included a "recap" of the May 19 hearing on the motion to amend.  Under these circumstances, the lack of a transcript of the May 19 hearing does not impede our consideration of Reyes's challenge to the trial court's denial of her motion to amend and ensuing grant of BAC's motion for summary judgment.  See Houk v. PennyMac Corp., 210 So. 3d 726, 730-31 (Fla. 2d DCA 2017) (holding that absence of transcript was not critical to determination of appeal where record was sufficient to determine whether trial court had properly entered summary judgment).

The trial court denied Reyes's motion to amend because Reyes filed it two weeks before the scheduled hearing on BAC's motion for summary judgment and because the court found that counsel had failed to establish "excusable neglect" for the delay.  But the bare timing of a motion to amend and whether counsel's failure to seek amendment sooner constituted "neglect," excusable or otherwise, are, at most, ancillary to the primary considerations of prejudice to the opposing party, abuse of the privilege, and futility of the proposed amended pleading.  Laurencio v. Deutsche Bank Nat'l Tr. Co., 65 So. 3d 1190, 1193 (Fla. 2d DCA 2011) ("A trial court's refusal to permit an

- 4 -

amendment of a pleading is an abuse of discretion unless it is clear that: (1) the amendment would prejudice the opposing party, (2) the privilege to amend has been abused, or (3) the amendment would be futile." (quoting S. Developers & Earthmoving, Inc. v. Caterpillar Fin. Servs. Corp., 56 So. 3d 56, 62-63 (Fla. 2d DCA 2011))); see also RV-7 Prop., Inc. v. Stefani De La O, Inc., 187 So. 3d 915, 917 (Fla. 3d DCA 2016) ("If such dangers cannot be clearly established, the trial court abuses its discretion by denying the party's motion for leave to amend the pleading." (citing Cobbum v. Citimortgage, Inc., 158 So. 3d 755, 756 (Fla. 2d DCA 2015))). Indeed, this court has repeatedly noted that " '[p]ublic policy favors the liberal amendment of pleadings so that cases may be decided on their merits,' " S. Developers, 56 So. 3d at 62 (quoting EAC USA, Inc. v. Kawa, 805 So. 2d 1, 5 (Fla. 2d DCA 2001)), and that "[a]ll doubts must be resolved in favor of allowing the amendment of pleadings," Id. (citing EAC USA, Inc., 805 So. 2d at 5); see also Fla. R. Civ. P. 1.190(a) ("Leave of court [to amend a pleading] shall be given freely when justice so requires.").

The record does not establish any of the dangers that would support the denial of Reyes's motion to amend. First, as this was her first request to do so, it did not constitute an abuse of the privilege. See, e.g., Life Gen. Sec. Ins. Co. v. Horal, 667 So. 2d 967, 969 (Fla. 4th DCA 1996) ("Since Life General had not sought to amend its pleadings before the instance we now review, it cannot be said that the appellant has abused the privilege."); cf. Alvarez v. DeAguirre, 395 So. 2d 213, 217 (Fla. 3d DCA 1981) ("While we stress that it is not the number of amendments which determines the abuse, it has been held that '[g]enerally three ineffective attempts to state the same cause of action or defense are enough,' . . . and the 'liberality in permitting amendments

- 5 -

decreases as the action progresses and as the number of amended pleading[s] increases.' " (quoting Henry P. Trawick, Jr., Trawick's Florida Practice and Procedure §§ 14-2 & 14-3 (1980 ed.))) (first alteration in original).

Moreover, BAC failed to establish that it would have been prejudiced by the amendment. Although it questioned whether Reyes's neglect was excusable and complained generally about the "last minute" timing of Reyes's motion and its frustrated expectations concerning how the summary judgment proceeding would unfold, the crux of its objections was that the motion simply was "untimely," which the courts of appeal have rejected as sufficient basis for denying leave to amend. See, e.g., RV-7 Prop., 187 So. 3d at 917 (no prejudice where motion to amend was filed two days before summary judgment hearing); Crown v. Chase Home Fin., 41 So. 3d 978, 980 (Fla. 5th DCA 2010) (no prejudice where proposed amended answer was filed after filing of motion for summary judgment even though it raised several affirmative defenses not addressed in motion for summary judgment); Carib Ocean Shipping, Inc. v. Armas, 854 So. 2d 234, 235-37 (Fla. 3d DCA 2003) (no prejudice where proposed amended answer raising new affirmative defense was filed "shortly before trial" and despite defendant's concession that the failure to include defense in previous pleading "was pure negligence"); Leavitt v. Garson, 528 So. 2d 108, 111 (Fla. 4th DCA 1988) (no prejudice where motion to amend was made before hearing on motion for summary judgment and before case was set for trial).

Finally, the record does not establish that amendment would have been futile. "Any doubt with respect to futility should be resolved in favor of allowing the amendment, especially when leave to amend is sought at or before the summary

judgment hearing." RV-7 Prop., 187 So. 3d at 917. We decline to conclude that amendment would have been futile when the trial court struck Reyes's original affirmative defenses without prejudice and specifically provided how she could re-plead one of those defenses. Reyes repleaded her affirmative defenses with additional facts and specificity, and while we do not say whether she should ultimately prevail on any of them, neither the record nor BAC's arguments below or on appeal refute their potential viability as a matter of law.

Because the trial court erred in denying Reyes's motion to amend, it necessarily erred in granting BAC's motion for summary judgment. In concluding that reversal is warranted on procedural grounds, however, we decline to address Reyes's substantive challenges to the court's rejection of her affirmative defenses regarding BAC's standing, BAC's asserted failure to comply with conditions precedent, and BAC's asserted failure to comply with 12 U.S.C. § 1701x(c)(5).

## CONCLUSION

The trial court abused its discretion in denying Reyes's motion to amend her answer and affirmative defenses and, consequently, erred in granting BAC's motion for summary judgment. Accordingly, we reverse the final judgment of foreclosure and remand for vacatur of the order denying Reyes's motion to amend and for further proceedings consistent with this opinion.

Reversed and remanded with directions.

SILBERMAN and KELLY, JJ., Concur.