# Third District Court of Appeal

## State of Florida

Opinion filed May 5, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-956
Lower Tribunal No. 19-8378

_____

**Mishpaja Shajine, Inc., et al.,**
Appellants,

vs.

**Granada Insurance Company, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

St. Johns Law Group, and Shaun C. Saliba (St. Augustine), for appellants.

Hinshaw & Culbertson LLP, and James H. Wyman and Ronald L. Kammer, for appellees.

Before FERNANDEZ, SCALES and MILLER, JJ.

SCALES, J.

In this declaratory judgment action, the appellants Mishpaja Shajine, Inc. and Fidel Said, defendants below, appeal the trial court's final summary judgment entered in favor of the plaintiff/appellee, Granada Insurance Company ("Granada"). Because we conclude the trial court abused its discretion[1] in denying the appellants' *ore tenus* motion – made at the summary judgment hearing conducted below – to amend their answer to assert an affirmative defense, we reverse the trial court's June 9, 2020 final judgment and remand for further proceedings.

Granada moved for final summary judgment on its claim for declaratory relief, setting its motion for hearing on June 2, 2020. Several days prior to the scheduled hearing, on May 28, 2020, the appellants timely filed a notice of affidavit in opposition to Granada's summary judgment motion, attaching Mr. Said's affidavit. Granada concedes that Mr. Said's affidavit attests to facts supporting an unpled affirmative defense.

Believing that the summary judgment hearing would be cancelled,[2] the appellants did not contemporaneously file a motion to amend their answer

---

[1] "An order denying a defendant's motion to amend its affirmative defenses is . . . reviewed for an abuse of discretion." Am. Integrity Ins. Co. v. Estrada, 276 So. 3d 905, 910 (Fla. 3d DCA 2019).

[2] The Friday before the Tuesday hearing, Granada filed a notice of cancellation of the summary judgment hearing. Granada sought to cancel the hearing so that Granada's counsel could take Mr. Said's deposition. On

to include the new affirmative defense addressed in the affidavit. Instead, at the June 2, 2020 summary judgment hearing, the appellants' counsel moved *ore tenus* to amend the appellants' answer to assert the affirmative defense. The trial court denied the appellants leave to amend and granted Granada's summary judgment motion. The appellants timely appeal the trial court's June 9, 2020 final summary judgment.

"Courts should be especially liberal when leave to amend is sought at or before a hearing on a motion for summary judgment." JVN Holdings, Inc. v. Am. Constr. & Repairs, LLC, 185 So. 3d 599, 601 (Fla. 3d DCA 2016) (quoting Laurencio v. Deutsche Bank Nat'l Tr. Co., 65 So. 3d 1190, 1193 (Fla. 2d DCA 2011)). The trial court's denial of a party's motion to amend a pleading is generally an abuse of discretion, *unless* (i) the moving party has abused the privilege to amend, (ii) the opposing party would be prejudiced by the amendment, or (iii) the amendment would be futile. See Fayad v. Univ. of Miami, 307 So. 3d 114, 118 (Fla. 3d DCA 2020). None of these factors are present in this case.

First, the appellants made no prior amendments to their pleading and there is no indication on this record that the appellants made their *ore tenus*

---

Monday, the day before the scheduled hearing, the parties learned that the hearing was not cancelled and would go forward.

motion at the summary judgment hearing to intentionally delay the proceedings. See Reyes v. BAC Home Loans Servicing L.P., 226 So. 3d 354, 356-57 (Fla. 2d DCA 2017) (concluding the trial court abused its discretion in denying the defendant's motion to amend her answer and affirmative defenses where the motion was the defendant's first request to amend, noting "the bare timing of a motion to amend . . . [is], at most, ancillary to the primary considerations of prejudice to the opposing party, abuse of the privilege, and futility of the proposed amended pleading"). Second, Granada did not argue below that it was prejudiced and "any prejudice which may be deemed to have existed ordinarily should be remedied, not by denial of the amendment, but by a continuance." Carib Ocean Shipping, Inc. v. Armas, 854 So. 2d 234, 236 n.2 (Fla. 3d DCA 2003). Third, "[a]ny doubt with respect to futility should be resolved in favor of allowing the amendment, especially when leave to amend is sought at or before the summary judgment hearing." RV-7 Prop., Inc. v. Stefani De La O, Inc., 187 So. 3d 915, 917 (Fla. 3d DCA 2016).[3]

For these reasons, we conclude that the trial court abused its discretion by not granting the appellants leave to file an amended answer and

---

[3] We express no opinion on the viability of the appellants' affirmative defense.

affirmative defenses. We therefore reverse the trial court's June 9, 2020 final judgment and remand for further proceedings.

Reversed and remanded.