DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALLIANCE SPINE & JOINT, III, LLC,** a/a/o Audrey Belmonte,
Appellant,

v.

**GEICO GENERAL INSURANCE COMPANY,**
Appellee.

No. 4D21-134

[May 19, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Florence Taylor Barner, Judge; L.T. Case Nos. CACE-19-19983 and COCE-18-5094.

Joseph R. Dawson of the Law Offices of Joseph R. Dawson, P.A., Fort Lauderdale, for appellant.

Andrew T. Lynn and Michael C. Clarke of Kubicki Draper, P.A., Tampa, for appellee.

DAMOORGIAN, J.

Alliance Spine & Joint, III, LLC ("Provider") appeals the final judgment entered in its action against Geico General Insurance Company ("Geico") for unpaid personal injury protection ("PIP") benefits. The court entered final judgment pursuant to Geico's confession of judgment of $100, the maximum amount of damages alleged in the complaint. On appeal, Provider argues that the court erred by: (1) denying its motion to amend the complaint to correct a scrivener's error; and (2) denying its motion for relief from judgment. We affirm on the second issue without further comment. For the reasons discussed below, we affirm on the first issue.

In March 2018, Provider sued Geico for unpaid PIP benefits in county court. In its complaint, Provider alleged: "This is an action for damages that does not exceed ONE HUNDRED DOLLAR[S] ($100), exclusive of interest, attorney's fees, and costs." In a separate paragraph, Provider alleged Geico owed it "the sum of $54.10" in unpaid PIP benefits. Geico ultimately filed a confession of judgment of $100 plus interest.

Two weeks after Geico filed its confession of judgment, Provider filed a "notice of rejection of confession of judgment." Therein, Provider stated that Geico "confessed to an amount which is less than the amount sought by [Provider]." Provider did not state what the purported correct amount of damages was, nor did it mention the allegations of damages in the complaint. In response, Geico moved to enforce the confession of judgment, arguing that it properly confessed judgment up to the maximum amount of damages specifically pled in Provider's complaint.

On May 16, 2019, approximately five and a half months after Geico confessed judgment and two weeks before the scheduled hearing on Geico's motion to enforce the confession of judgment, Provider moved to amend its complaint. Provider alleged, for the first time, that the "$54.10" in damages sought in the complaint was a "typographical error." Provider made no mention of the complaint's allegation that its damages "do not exceed $100." As evidence that the "$54.10" was a typographical error, Provider attached to its motion a demand letter that it allegedly sent to Geico on October 11, 2016, demanding "$531.16" plus interest. Provider also attached to its motion a proposed amended complaint which alleged $408.73 in damages, an entirely different amount than alleged in the original complaint or in the demand letter.

Following a hearing, the court denied Provider's motion to amend the complaint and granted Geico's motion to enforce the confession of judgment. In so doing, the court made several findings of fact and law. First, the court found that upon the filing of Geico's confession of judgment up to the maximum amount of damages alleged in the complaint, the court's authority was limited to entering the confessed judgment and awarding attorney's fees. Second, the court rejected Provider's claim that the amount of damages alleged in the complaint was a scrivener's error, pointing out how the complaint not only alleged $54.10 in damages but also included a separate paragraph alleging the damages in the case did not exceed $100. Third, the court seemingly found that Provider sought the amount of damages that it did for financial reasons, citing to a county court order for the proposition that "[a] plaintiff may choose to voluntarily reduce the amount of its claim to obtain a lower filing fee, but in doing so also accepts the burden with that benefit where a confession of judgment for the reduced amount is a valid confession of judgment." Finally, citing the timing of the motion to amend, the court found that the proposed amendment would prejudice Geico. This appeal follows.

We begin our analysis by first addressing the court's legal conclusion that, upon the filing of Geico's confession of judgment up to the maximum amount of damages alleged in the complaint, the court's authority was

limited only to entering the confessed judgment and awarding attorney's fees. Under normal circumstances, we would agree with this legal conclusion. The reason being that, when a party confesses judgment up to the maximum amount of damages alleged in the complaint, the confessing party has, in fact, agreed to the precise relief sought in the complaint. *See Hooters of Am., Inc. v. Carolina Wings, Inc.*, 655 So. 2d 1231, 1233 (Fla. 1st DCA 1995) ("It is . . . elementary that damages will be awarded only to the extent supported by the well-pleaded allegations of the complaint."). In such a situation, the issue between the parties, as framed by the pleadings, becomes moot as the court can provide no further substantive relief other than entering the confessed judgment. *See Godwin v. State,* 593 So. 2d 211, 212 (Fla. 1992) ("An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect.").

The problem in this case, however, is that Provider sought to amend the complaint's maximum amount of damages allegation prior to entry of the confessed judgment. Thus, the controversy between the parties had not been so fully resolved that a judicial determination could have no actual effect. Accordingly, to the extent the court seemingly denied the motion to amend on the basis that it lacked the authority to rule on the motion, we hold that it was error to do so. However, the court alternatively denied the motion to amend on the basis of prejudice. Because we conclude that the court did not abuse its discretion in denying the amendment on the basis of prejudice, we affirm the final judgment because at that point there was nothing left for the court to do but to enforce the otherwise valid confessed judgment. *See Morgan v. Bank of N.Y. Mellon,* 200 So. 3d 792, 795 (Fla. 1st DCA 2016) ("Broad discretion is given to the trial court to grant or deny a motion to amend; as such, there is no bright-line rule as to when a motion to amend is 'untimely.'").

*Affirmed.*

WARNER and FORST, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**