DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PROGRESSIVE SELECT INSURANCE COMPANY,**
Appellant,

v.

**THE IMAGING CENTER OF WEST PALM BEACH, LLC**
a/a/o **ERICA PRETE,**
Appellee.

No. 4D21-3074

[March 8, 2023]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; John Hurley, Judge; L.T. Case No. CONO19-12472.

Michael C. Clarke, Jennifer L. Emerson, and Joye B. Walford of Kubicki Draper, P.A., Tampa, for appellant.

Douglas H. Stein of Douglas H. Stein, P.A., Coral Gables, for appellee.

DAMOORGIAN, J.

Progressive Select Insurance Company ("Progressive") appeals the final judgment awarding The Imaging Center of West Palm Beach, LLC a/a/o Erica Prete ("Provider") unpaid PIP benefits. Progressive argues the county court erred by: (1) denying Progressive's motion to amend its answer and affirmative defenses; and (2) failing to enforce Progressive's confession of judgment as to unpaid postage. We affirm on the second issue without further comment. For the reasons discussed below, we reverse and remand on the first issue.

In October 2019, Provider sued Progressive for unpaid "No-Fault benefits and/or medical payments benefits." The complaint alleged all conditions precedent to filing suit had been performed, including the filing of a pre-suit demand letter. Progressive answered the complaint and generally denied the material allegations. Progressive also raised several affirmative defenses, including that it paid all benefits reasonably due under the policy and the Florida Motor Vehicle No-Fault Law.

In March 2020, Provider moved for summary judgment on the basis that Progressive "underpaid by $1.00" the amounts due "for penalty, postage, and interest." Provider also represented in the motion that it was "not contesting payment at fee schedule at this time." Shortly after Provider moved for summary judgment, Progressive filed a confession of judgment in the amount of $0.84, which represented "the difference between the postage paid and owed to [Provider's] counsel for the pre-suit demand letter it mailed to [Progressive] prior to the initiation of litigation in this matter." That same day, Provider filed a motion for attorney's fees and costs pursuant to the confession of judgment.

In June 2021, Provider filed a second motion for summary judgment. Unlike the first motion which was limited to the issue of unpaid postage, the second motion now argued Progressive failed to provide the correct reimbursement for two CPT codes under the non-facility limiting charge. Provider's argument was based on the Third District's holding in *Priority Medical Centers, LLC v. Allstate Insurance Co.*, 319 So. 3d 724 (Fla. 3d DCA 2021), which issued two months prior.

Two weeks later, Progressive moved to amend its answer and affirmative defenses to add two new affirmative defenses: (1) failure to serve a valid pre-suit demand letter; and (2) exhaustion of benefits. Progressive argued the amendment was necessary because Provider "completely changed its theory as to why Defendant underpaid the charges allegedly at issue, and Defendant must now assert alternative affirmative defense(s)." Provider filed an objection to Progressive's motion to amend on the basis of prejudice. Notably, at the time Progressive filed its motion to amend, no hearing had been set on Provider's second motion for summary judgment.

Approximately one month after Progressive filed its motion to amend, Provider filed a notice of hearing on its second motion for summary judgment and objection to the motion to amend. The matter ultimately proceeded to a hearing two months later. At the conclusion of the hearing, the county court denied Progressive's motion to amend as untimely, citing the holding in *Bronstein v. Allstate Insurance Co.*, 315 So. 3d 44 (Fla. 4th DCA 2021). The county court did not use the word "prejudice" in announcing its ruling or otherwise articulate how the proposed amendment would prejudice Provider.

Following the ruling on the motion to amend, the parties stipulated to the amount due under the limiting charge calculation to reach finality in the case. The county court thereafter granted Provider's second motion for summary judgment and entered final judgment awarding Provider

medical benefits in the amount of $164.00, plus $11.10 in interest.  The final judgment also found Provider was entitled to attorney's fees and costs under section 627.428, Florida Statutes.  This appeal follows.

Florida Rule of Civil Procedure 1.190(a) provides in relevant part that leave to amend pleadings "shall be given freely when justice so requires." Thus, "[t]he Florida Rules of Civil Procedure encourage a policy of liberality in allowing litigants to amend their pleadings, especially prior to trial; this policy exists so that cases will be tried on their merits." *Morgan v. Bank of N.Y. Mellon*, 200 So. 3d 792, 795 (Fla. 1st DCA 2016); *see also Marquesa at Pembroke Pines Condo. Ass'n v. Powell*, 183 So. 3d 1278, 1279 (Fla. 4th DCA 2016) (reiterating that absent exceptional circumstances, requests for leave to amend under rule 1.190(a) should be granted).  "Broad discretion is given to the trial court to grant or deny a motion to amend; as such, there is no bright-line rule as to when a motion to amend is 'untimely.'" *Morgan*, 200 So. 3d at 795.  "Refusal to allow an amendment is an abuse of the trial court's discretion 'unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.'" *Vaughn v. Boerckel*, 20 So. 3d 443, 445 (Fla. 4th DCA 2009) (quoting *Dieudonne v. Publix Super Mkts., Inc.,* 994 So. 2d 505, 507 (Fla. 3d DCA 2008)).

As neither party disputes that Progressive has not abused the privilege to amend or that the amendment would be futile, the question in this case is whether Progressive's proposed amendment would prejudice Provider.

"Whether granting [a] proposed amendment would prejudice the opposing party is analyzed primarily in the context of the opposing party's ability to prepare for the new allegations or defenses prior to trial." *Morgan*, 200 So. 3d at 795.  Thus, "rule 1.190's liberal amendment policy diminishes as a case progresses to trial." *Id.*  If, however, leave to amend is sought at or before a hearing on a *motion for summary judgment*, appellate courts have routinely rejected a finding of prejudice.  *See Reyes v. BAC Home Loans Servicing L.P.*, 226 So. 3d 354, 356–58 (Fla. 2d DCA 2017) (no prejudice where motion to amend affirmative defenses was filed two weeks before the summary judgment hearing); *RV–7 Prop., Inc. v. Stefani De La O, Inc.,* 187 So. 3d 915, 916–17 (Fla. 3d DCA 2016) (no prejudice where motion to amend answer and affirmative was filed two days before the summary judgment hearing); *Laurencio v. Deutsche Bank Nat'l Tr. Co.,* 65 So. 3d 1190, 1192–93 (Fla. 2d DCA 2011) (no prejudice where leave to amend affirmative defenses was sought two days before the summary judgment hearing); *Crown v. Chase Home Fin.,* 41 So. 3d 978, 979–80 (Fla. 5th DCA 2010) (no prejudice where leave to amend was sought after the filing of the motion for summary judgment and asserted

defenses not addressed in the motion for summary judgment); *Leavitt v. Garson*, 528 So. 2d 108, 111 (Fla. 4th DCA 1988) (no prejudice where motion to amend affirmative defenses was filed before the summary judgment hearing and before the case was set for trial).

Here, the county court seemingly denied Progressive's motion to amend solely on the basis that the motion was untimely in light of the length of time that the action had been pending, and without weighing the amendment in terms of prejudice to Provider's ability to prepare for the new defenses. This was error, especially considering Progressive's motion was filed before a hearing was even set on Provider's second motion for summary judgment and before the case was set for trial. *See Reyes*, 226 So. 3d at 356 ("[T]he bare timing of a motion to amend and whether counsel's failure to seek amendment sooner constituted 'neglect,' excusable or otherwise, are, at most, ancillary to the primary considerations of prejudice to the opposing party . . . ."); *Laurencio*, 65 So. 3d at 1193 ("Courts should be especially liberal when leave to amend 'is sought at or before a hearing on a motion for summary judgment.'" (citation omitted)); *Newman v. State Farm Mut. Auto. Ins. Co.*, 858 So. 2d 1205, 1206 (Fla. 4th DCA 2003) ("Although the policy in Florida to liberally allow amendments where justice requires diminishes as the case progresses to trial, in exercising its discretion to allow the amendment, the trial court should still weigh the amendment in terms of the prejudice to the opposing party in the preparation for trial." (internal citation omitted)). Moreover, the case on which the county court relied in denying the motion is distinguishable because the motion to amend in that case was filed "after the case was set for trial" and "the case was only eight days from calendar call." *Bronstein*, 315 So. 3d at 45. To further compound the error, the county court seemingly gave no consideration to the fact that it was Provider's change in position which prompted the need for the amendment.

Lack of prejudice findings aside, Provider could not be prejudiced by the amendment because it was aware of the amendment three months prior to the summary judgment hearing and had ample time to prepare for the proposed defenses. *See Cobbum v. Citimortgage, Inc.*, 158 So. 3d 755, 757–58 (Fla. 2d DCA 2015) (no prejudice where request to amend affirmative defenses was made during the summary judgment hearing because plaintiff was aware defendants "challenged the summary judgment on the basis of failure to comply with the thirty-day notice for at least three months prior to the summary judgment hearing"). Moreover, as to the proposed defense that Provider failed to send a valid pre-suit demand letter, there could be no prejudice because Provider alleged in the complaint that all conditions precedent to filing suit had been performed,

4

an allegation which it was required to prove. *See Morgan*, 200 So. 3d at 795 (no prejudice where motion to amend sought to add defense that the bank failed to comply with notice requirements because, "[i]n its complaint, the Bank alleged that all conditions precedent to filing suit had been performed or had occurred, and courts have held that 'requiring a plaintiff to prove its allegations is not prejudice to the plaintiff; it merely offers due process to the defendants'" (citation omitted)); *see also S. Fla. Pain & Rehab. of W. Dade v. Infinity Auto. Ins. Co.*, 318 So. 3d 6, 9 (Fla. 4th DCA 2021) (the requirement that an insured or its assignee send a pre-suit demand letter is a condition precedent to filing a PIP action).

Accordingly, we vacate the final judgment and remand with instructions that Progressive be permitted to file an amended answer and affirmative defenses. *See Morgan*, 200 So. 3d at 797.

*Affirmed in part, reversed in part, and remanded.*

GERBER and FORST, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

5