# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

———————————————

SARA SHIFRA GERBER,

Appellant,

v.

TZVI MORDECHAI DUBROWSKI,

Appellee.

No. 23-71

———————————————

December 27, 2023

Appeal from the Circuit Court for Hillsborough County; Wesley D. Tibbals, Judge.

Mark A. Sessums of Sessums Law Group, P.A., Tampa, for Appellant.

Mark F. Baseman of Felix, Felix & Baseman, Tampa, for Appellee.

LABRIT, Judge.

Former Wife appeals several aspects of the final judgment dissolving her marriage; she also challenges a pretrial order denying her motion for leave to amend her counter-petition to add a request for relocation. She argues the trial court abused its discretion when it denied her motion as "too late." We agree, reverse the order denying her motion to amend, and remand to allow Former Wife to amend her

counter-petition to request relocation and obtain a ruling on the merits. We find no merit to the remaining points Former Wife raises on appeal.

## Background

The parties were married for nearly ten years and have three minor children together. In March 2021, Former Husband filed a petition for dissolution of marriage. Former Wife answered and filed a counter-petition that included a request for relocation to Parkland, Florida. Former Wife also filed a motion for temporary relocation to Parkland. Following a hearing in August 2021, the trial court denied the motion, finding that Former Wife failed to show that relocation to Parkland was in the best interest of the children. It also found that there was a likelihood that the court would not approve the requested relocation upon final hearing.

Former Wife then sought and was granted leave to amend her counter-petition to drop the Parkland relocation request. Thereafter, on July 27, 2022, the trial court entered an order setting trial for October 27 and 28, 2022. On September 8, 2022, Former Wife moved to amend her counter-petition, seeking to add a request for relocation to either Parkland or Orlando; a few days later, Former Wife also moved for a continuance of the trial, referencing her pending motion for leave to amend and arguing that she needed additional time to prepare evidence to support her relocation request.

The trial court held a hearing on Former Wife's motions on September 22, 2022—more than a month before trial—and denied the motion for leave to amend as "too late." The trial court's only findings were that: (1) an order setting trial and pretrial conferences had been entered over a month before Former Wife moved for leave to amend, and (2) "the liberal right of a party to amend a pleading lessens as a case

2

approaches trial." It made no written or oral findings as to abuse of the amendment privilege, futility of the proposed amendment, or what prejudice might result from the amendment. The trial court determined that a continuance was unnecessary given its denial of Former Wife's motion for leave to amend.

The case proceeded to trial as scheduled, and the trial court entered the final judgment now under review. This is Former Wife's timely appeal.

### Analysis

We review a trial court's ruling on a motion to amend for abuse of discretion. *See, e.g.*, *Lee v. Lee*, 352 So. 3d 420, 432 (Fla. 2d DCA 2022). Because "[p]ublic policy favors the liberal amendment of pleadings so that cases may be decided on their merits[,] . . . [a]ll doubts must be resolved in favor of allowing the amendment of pleadings." *Id.*; *see also* Fla. Fam. L. R. P. 12.190(a) ("Leave [to amend] shall be given freely when justice so requires."). Thus, denying leave to amend is an abuse of discretion unless: "(1) the privilege to amend has been abused, (2) the amendment would be futile, or (3) the amendment would prejudice the opposing party." *Lee*, 352 So. 3d at 432.

It's true that "[l]iberality in granting leave to amend diminishes . . . as the case progresses to trial." *Ohio Cas. Ins. v. MRK Constr., Inc.*, 602 So. 2d 976, 978 (Fla. 2d DCA 1992). And while "[b]road discretion is given to the trial court to grant or deny a motion to amend[,] . . . there is no bright-line rule as to when a motion to amend is 'untimely.' " *Morgan v. Bank of N.Y. Mellon*, 200 So. 3d 792, 795 (Fla. 1st DCA 2016). In fact, "the bare timing of a motion to amend" is, "at most, ancillary to the primary considerations of prejudice to the opposing party, abuse of the

3

privilege, and futility of the proposed amended pleading." *Reyes v. BAC Home Loans Servicing L.P.*, 226 So. 3d 354, 356 (Fla. 2d DCA 2017).

Here, the trial court apparently concluded that granting Former Wife's motion would prejudice Former Husband because of the timing of the motion's filing. We disagree. Former Wife filed her motion on September 8—forty-eight days before the scheduled trial. By the time it was heard on September 22, the trial was still over a month away (thirty-four days, to be exact). A month is not, as the trial court described it, "the eve of trial," and it is not "too late." *See Sorenson v. Bank of N.Y. Mellon*, 261 So. 3d 660, 663 (Fla. 2d DCA 2018) (reversing denial of leave to amend filed the day before trial); *Burr v. Norris*, 667 So. 2d 424, 426 (Fla. 2d DCA 1996) (reversing denial of leave to amend filed "fully a month before the scheduled trial"); *Hall v. Hall*, 171 So. 3d 817, 823 (Fla. 4th DCA 2015) (reversing denial of leave to amend filed thirty days before trial).

Former Husband argued that he would be prejudiced by the amendment because he would incur the time and expense of additional preparation and discovery. "[W]hether granting the proposed amendment would prejudice the opposing party is analyzed primarily in the context of the opposing party's ability to prepare for the new allegations or defenses prior to trial." *Drish v. Bos*, 298 So. 3d 722, 724 (Fla. 2d DCA 2020) (quoting *Morgan*, 200 So. 3d at 795). And prejudice does not result where—as here—the proposed amendment "present[s] no significant changes or new allegations." *Id.* Former Husband was no stranger to at least some of the facts and issues of the proposed amendment. After all, the parties had already litigated Former Wife's request for temporary relocation to Parkland. *Cf. DiGiacomo v. Mosquera*, 322 So. 3d 734, 738 (Fla. 3d DCA 2021) (affirming denial of former wife's

4

motion to amend to add a claim for alimony filed the day of trial when former husband did not anticipate the claim and was not prepared to litigate it). Moreover, Former Wife was deposed—as scheduled—the week before trial. In short, this record doesn't support the conclusion that Former Husband would have been prejudiced by the amendment.[1]

While Former Husband argues that amendment would have been futile, we disagree. The trial court's denial of temporary relocation does not bar Former Wife from asserting a request for permanent relocation. This is particularly true since Former Wife's proposed amendment requests relocation to Orlando or alternatively to Parkland, while the trial court denied her temporary relocation to Parkland only. *See Arthur v. Arthur*, 54 So. 3d 454, 459 (Fla. 2010) ("Because trial courts are unable to predict whether a change in any of the statutory factors will occur, the proper review of a petition for relocation entails a best interests determination *at the time of the final hearing*, i.e. a 'present-based' analysis."); *see also Miller v. Miller*, 277 So. 3d 725, 726 (Fla. 1st DCA 2019) ("Given it is unclear how statutory factors may change in the future, prospective-based analysis of a child's best interest is unsound." (citing *Arthur*, 54 So. 3d at 459)). Finally, Former Husband doesn't argue—and this record doesn't indicate— that Former Wife abused the privilege to amend; indeed, this was only Former Wife's second request to amend her counter-petition. *Cf. Kohn v. City of Miami Beach*, 611 So. 2d

---

[1] In any event, as we have explained, "even where the motion to amend is not filed until shortly before trial, the 'justice factor' can outweigh the prejudice to the opposing party caused by having to prepare for the new issue—typically, such prejudice should be remedied with a continuance instead of the denial of amendment." *Sorenson*, 261 So. 3d at 663 (citing *Carib Ocean Shipping, Inc. v. Armas*, 854 So. 2d 234, 236-37, 236 n.2 (Fla. 3d DCA 2003)).

538, 539 (Fla. 3d DCA 1992) ("[W]ith amendments beyond the third attempt, dismissal with prejudice is generally not an abuse of discretion").

## Conclusion

The trial court abused its discretion by denying Former Wife's motion for leave to amend her counter-petition to request relocation.  We therefore reverse the order denying Former Wife's motion for leave to amend and we remand to allow Former Wife to amend her counter-petition to request relocation.  We affirm in all other respects without comment; we note that, if requested and appropriate, the trial court may reevaluate Former Wife's need for alimony in light of its ultimate disposition of her relocation request.

Affirmed in part, reversed in part, and remanded.

NORTHCUTT and KHOUZAM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.