# Third District Court of Appeal

**State of Florida**

Opinion filed February 3, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2611
Lower Tribunal No. 13-35832
_____

**JVN Holdings, Inc., etc., et al.,**
Appellants,

vs.

**American Construction and Repairs, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Stanford Blake, Judge.

Michael A. Vandetty, for appellants.

Broad and Cassel, Gary E. Lehman and Beverly A. Pohl (Fort Lauderdale), for appellee.

Before SHEPHERD, LAGOA and EMAS, JJ.

EMAS, J.

JVN Holdings, Inc., and Mark and Natalie Weider appeal a final summary judgment entered in favor of American Construction and Repairs, LLC ("American"). Because genuine issues of material fact remain in dispute, we vacate the final summary judgment, as well as the order denying JVN/Weiders' motion for leave to file amended answer and counterclaim, and the order awarding attorney's fees to American.

American, a licensed general contractor, filed suit against JVN and the Weiders, seeking to foreclose on a construction lien and to recover damages arising out of, *inter alia*, the alleged breach of an oral contract for construction services on two residential properties. Under the terms of the oral contract, JVN and the Weiders agreed to pay American an hourly rate for labor and to reimburse American at cost for all materials and third party labor. When the Weiders allegedly failed to pay the final construction bill, American filed suit.

Following discovery, American moved for summary judgment, asserting it was entitled to judgment as a matter of law because JVN and the Weiders had failed to challenge the amount American alleged was due and owing under the oral contract. In support of this assertion, American attached the depositions of Mr. and Mrs. Weider.

In response to American's motion for summary judgment, JVN and the Weiders asserted there remained genuine issues of disputed fact with regard to the

2

amounts billed by American, and in support, submitted several invoices as well as affidavits from Mr. Weider and Jeri Goodkin Dausey, a licensed general contractor, retained as an expert in this matter.

JVN and the Weiders also sought leave to file an amended answer and a counterclaim. Following a hearing, the trial court determined there were no genuine issues of material fact, and entered final summary judgment for American. The court also denied JVN/Weiders' motion for leave to file an amended answer and counterclaim, and granted American's motion for attorney's fees.

In ruling on a motion for summary judgment, the trial court (and this Court in its *de novo* review) must construe all the evidence, and draw every possible inference therefrom, in a light most favorable to the non-moving party. Moore v. Morris, 475 So. 2d 666 (Fla. 1985); Suarez v. City of Hialeah, 971 So. 2d 948 (Fla. 3d DCA 2007); McQueen v. Roye, 785 So. 2d 512 (Fla. 3d DCA 2000).

The trial court erred in determining there were no genuine issues of material fact in dispute. Though not a model of clarity, the deposition testimony of Mr. Weider contains multiple instances in which he disputed the amounts (and the reasonableness of the amounts) billed by American. The existence of a genuine dispute as to these amounts was corroborated by Mr. Weider's affidavit[1] as well as

---

[1] We reject American's contention that affirmance is warranted under Ellison v. Anderson, 74 So. 2d 680 (Fla. 1954) and Baker v. Airguide Mfg., LLC, 151 So. 3d 38 (Fla. 3d DCA 2014). Those cases involve a party attempting to create a genuine issue of material fact (and thereby avoid summary judgment) by submitting a

3

the affidavit of the Weiders' expert, Ms. Dausey. Accordingly, it was error for the trial court to grant summary judgment, and we reverse and remand for further proceedings.

Because we are reversing and remanding, we address the remaining orders under review. The trial court denied JVN and the Weiders' motion to amend their answer and affirmative defenses and to assert a counterclaim, determining that the motion was untimely because it was filed on the eve of the summary judgment hearing. This determination was erroneous. As this court has previously held:

> [R]efusal to allow an amendment is an abuse of the trial court's discretion "unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile."

Kay's Custom Drapes, Inc. v. Garrote, 920 So. 2d 1168, 1171 (Fla. 3d DCA 2006) (quoting Kimball v. Publix Super Markets, Inc., 901 So. 2d 293, 296 (Fla. 2d DCA 2005)). None of these circumstances is present in the record before us. Such a policy is also reflected in Florida's rules of civil procedure. See Fla. R. Civ. P. 1.190(a) (providing that leave of court to amend pleadings "shall be given freely when justice so requires.")

---

witness affidavit which, without proper explanation, materially contradicted or repudiated that same witness' prior testimony. By contrast, in the instant case Mr. Weider's deposition testimony alone created a disputed issue of material fact; it was crystallized in his subsequent affidavit, and was further corroborated by his expert's affidavit.

4

Further, "[c]ourts should be especially liberal when leave to amend is sought at or before a hearing on a motion for summary judgment." Laurencio v. Deutsche Bank Nat. Trust Co., 65 So. 3d 1190, 1193 (Fla. 2d DCA 2011) (internal quotations omitted). See also Firestone Tire & Rubber Co. v. Thompson Aircraft Tire Corp., 353 So. 2d 137 (Fla. 3d DCA 1977) (reversing trial court's denial of plaintiff's oral motion to amend complaint, made at the hearing on defendant's motion for summary judgment); Haag v. Phillips, 333 So. 2d 507 (Fla. 2d DCA 1976) (same). See also Dausman v. Hillsborough Area Reg. Transit, 898 So. 2d 213 (Fla. 2d DCA 2005) (holding trial court abused its discretion in denying plaintiff's motion to amend complaint where motion was made after trial court orally granted summary judgment but before rendition of the final summary judgment).

We vacate the order denying the motion to amend and remand for further consideration in light of Florida's public policy which favors allowing parties to amend pleadings, and all doubts should generally be resolved in favor of permitting such amendments. Caduceus Properties, LLC v. Graney, 137 So. 3d 987 (Fla. 2014). On remand, and in the absence of prejudice, abuse of the privilege to amend, or futility, leave should freely be given to amend the answer and affirmative defenses and to add a counterclaim.

Finally, and because we are reversing the final summary judgment, we must also vacate the order awarding attorney's fees to American.

Reversed and remanded for further proceedings consistent with this opinion.