# Third District Court of Appeal

## State of Florida

Opinion filed August 25, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-101
Lower Tribunal Nos. 20-70 AP, 14-7110 CC
_____

**Geico General Insurance Company,**
Appellant,

vs.

**Hialeah Diagnostics, Inc.
a/a/o Maria Villegas,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Myriam Lehr, Judge.

Rumberger, Kirk & Caldwell, P.A., Monica C. Segura and K. Abigail Roberts, for appellant.

Douglas H. Stein, P.A., and Douglas H. Stein, for appellee.


Before HENDON, GORDO and BOKOR, JJ.

GORDO, J.

Geico General Insurance Company appeals the denial of a motion for leave to amend its answer and affirmative defenses and the entry of final summary judgment in favor of Hialeah Diagnostics, Inc. for recovery of personal injury protection ("PIP") benefits. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). We conclude that the trial court erred in granting summary judgment as a matter of law where there remained issues of fact as to coverage and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

Hialeah Diagnostics sued Geico for recovery of PIP benefits for treatment rendered to Maria Villegas following an accident in 2012. Villegas was a passenger in a medical transportation services van that was involved in an accident with a vehicle driven by a Geico insured, Miriam Morales. Villegas was not insured by Geico. Following the accident, Villegas received treatment from Hialeah Diagnostics. Hialeah Diagnostics sent a pre-suit demand letter to Geico for payment of the claim. The letter, however, listed the wrong Geico insured (a person named Margarita Berrera) and a claim number unrelated to the instant action.

In May 2014, Hialeah Diagnostics sued Geico for payment of benefits for services rendered to Villegas. Hialeah Diagnostics averred that Villegas was insured under a Geico policy. Geico answered the complaint and

asserted as an affirmative defense that Villegas was not covered under a Geico insurance policy but was covered under a policy of insurance with Illinois National Insurance Company. In 2016, upon discovering that an affirmative defense of defective pre-suit demand must be added to the matter, Geico filed a motion for leave to amend its answer and affirmative defenses. The trial court denied the motion for leave to amend in an unelaborated order in September 2019.

In November 2019, Hialeah Diagnostics moved for summary judgment claiming that Geico did not conduct a proper investigation prior to denying the claim. Hialeah Diagnostics contended that it could only recover PIP benefits for services rendered to Villegas under the tortfeasor's Geico policy. In opposition of summary judgment, Geico furnished the deposition of its PIP litigation adjuster attesting that Hialeah Diagnostics sent a demand letter under the incorrect claim number. The adjuster testified that Hialeah Diagnostics never submitted billing or a PIP demand under the correct claim number. The adjuster clarified that Geico never cleared Villegas for coverage under a Geico policy at any point and that Villegas did not qualify for PIP coverage under any Geico policy. The adjuster testified that, pursuant to the police report generated at the time of the accident, the medical transportation services vehicle in which Villegas was a passenger

was insured by Illinois National. The trial court granted summary judgment in favor of Hialeah Diagnostics following a hearing in January 2020.

## LEGAL ANALYSIS

We review the trial court's summary judgment order de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). "In order to prevail on a motion for summary judgment, the moving party has an obligation to demonstrate conclusively the absence of any genuine issues of material fact" and that it is entitled to judgment as a matter of law. RV-7 Prop., Inc. v. Stefani De La O, Inc., 187 So. 3d 915, 917 (Fla. 3d DCA 2016).

Hialeah Diagnostics fails to establish on summary judgment that Villegas was entitled to coverage under a Geico policy. Section 627.736(1), Florida Statutes (2020) provides: "An insurance policy complying with the security requirements of s. 627.733 must provide personal injury protection to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in the motor vehicle, and other persons struck by the motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle . . . ." The record is devoid of any evidence that Villegas was a named insured under a Geico insurance policy or a relative residing in the same household with a Geico insured, that she was operating an insured motor vehicle, that the medical transportation

4

services van was insured under a Geico policy or that Villegas was a pedestrian struck by a Geico insured vehicle. Moreover, Hialeah Diagnostics failed to show under Florida law that Villegas would be entitled to coverage under the tortfeasor's policy. In fact, this Court has held that "an insurer of a motor vehicle under a Florida no-fault policy [is not required to] pay personal injury protection benefits to a passenger in an uninsured motor vehicle which collides with the insured vehicle, when that passenger neither owns nor operates a motor vehicle and does not reside with anyone who does so own or operate a motor vehicle." South Carolina Ins. Co. v. Rodriguez, 366 So. 2d 168, 169 (Fla. 3d DCA 1979).

On this record, there are disputed factual issues regarding coverage which preclude entry of judgment as a matter of law. Accordingly, we reverse the entry of final summary judgment and vacate the denial of Geico's motion to amend the answer and affirmative defenses. See RV-7 Prop., 187 So. 3d at 916–17 ("Amendments to pleadings ought to be allowed freely unless there is a clear danger of prejudice, abuse, or futility. If such dangers cannot be clearly established, the trial court abuses its discretion by denying the party's motion for leave to amend the pleading." (citations omitted)).

Reversed and remanded.