# Third District Court of Appeal

## State of Florida

Opinion filed August 31, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-225
Lower Tribunal No. 21-10054
_____

**Impulsora de Productos Sustentables,
S.A.P.I. de C.V.,**
Appellant,

vs.

**Senen Daniel Garcia, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Law Office of Alan I. Karten, PLLC, and Alan I. Karten (Boynton Beach), for appellant.

Kaplan Zeena LLP, and James M. Kaplan, Robin Corwin Campbell and Maria Kimijima, for appellee Senen Daniel Garcia.

Before SCALES, HENDON and GORDO, JJ.

GORDO, J.

Impulsora de Productos Sustentables S.A.P.I. de C.V. ("Impulsora") appeals a final order dismissing its amended complaint against Senen Daniel Garcia ("Garcia) with prejudice. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because the trial court did not make a finding of futility and Impulsora requested leave to amend its pleading, we reverse.

In April 2021, Impulsora filed an initial complaint against Garcia and various parties alleging among other claims, conversion. Garcia subsequently filed a motion to dismiss. The trial court held a case management conference where Impulsora made an ore tenus motion for leave to amend its complaint, which the trial court granted. Impulsora thereafter filed its second amended complaint.[1] Garcia subsequently filed a motion to dismiss alleging the operative complaint failed to state a claim for conversion.

Impulsora filed a written response requesting leave to amend should the trial court find the motion was well taken. At the hearing on Garcia's motion to dismiss, the trial court specified it would reschedule argument for the following week and allow arguments as to whether Impulsora wanted

---

[1] Impulsora titled its first filed complaint as "Complaint" and titled its second filed complaint as "First Amended Complaint."

leave to amend its complaint. Instead, the trial court issued a final order dismissing Impulsora's operative complaint with prejudice.

Florida Rule of Civil Procedure 1.190(a), provides leave to amend "shall be given freely when justice so requires." "[R]efusal to allow an amendment is an abuse of the trial court's discretion 'unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.'" JVN Holdings, Inc. v. Am. Const. & Repairs, LLC, 185 So. 3d 599, 601 (Fla. 3d DCA 2016) (quoting Kay's Custom Drapes, Inc. v. Garrote, 920 So. 2d 1168, 1171 (Fla. 3d DCA 2006)).

While we commend the trial court for its well-articulated six-page order and find no error in its determination that the complaint failed to state a cause of action for conversion, we reverse and remand to allow Impulsora leave to amend its complaint. The record establishes the trial court did not make a finding that future amendment would be futile, prejudice the opposing party or that Impulsora had abused its privilege to amend. See Alvarez v. DeAguirre, 395 So. 2d 213, 217 (Fla. 3d DCA 1981) ("'[G]enerally three ineffective attempts to state the same cause of action or defense are enough,' and the 'liberality in permitting amendments decreases as the action progresses and as the number of amended pleading increases.'")

3

(citation omitted);  Pangea Produce Distribs., Inc. v. Franco's Produce, Inc., 275 So. 3d 240, 242 (Fla. 3d DCA 2019) (finding the trial court abused its discretion because plaintiff had "only amended twice before and [wa]s only now seeking a third opportunity to present a proper pleading."); JVN Holdings, Inc., 185 So. 3d at 601 ("On remand, and in the absence of prejudice, abuse of the privilege to amend, or futility, leave should freely be given to amend the [pleading]. . . .").

Reversed and remanded with instructions.