# Third District Court of Appeal

## State of Florida

Opinion filed April 12, 2023.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D22-1218
Lower Tribunal No. 18-15071 SP

————————

**GEICO Indemnity Company**,
Appellant,

vs.

**Simply Health Care, Inc., a/a/o
Yurisleydi Azqueriz-Estrada**,
Appellee.


An Appeal from the County Court for Miami-Dade County, Michael G. Barket, Judge.

Smith, Gambrell & Russell, LLP, and Kristen L. Wenger and John P. Marino and Drew Krieger (Jacksonville), for appellant.

No appearance, for appellee.


Before HENDON, MILLER and BOKOR, JJ.

BOKOR, J.

GEICO appeals a final judgment awarding personal injury protection benefits to Simply Health Care after entry of summary judgment in Simply Health Care's favor.[1] The issue comes down to whether the trial court abused its discretion in denying GEICO's motion to amend its pleadings prior to the summary judgment hearing. GEICO sought to add an affirmative defense of res judicata or collateral estoppel based on a federal court judgment in its favor and against Simply Health Care that determined that Simply Health Care had "no right to receive payments for any pending bills submitted to GEICO." Because the trial court abused its discretion in denying GEICO leave to amend, we reverse.[2]

The underlying facts of this case bear a striking similarity to those in <u>GEICO General Insurance Company v. A & C Medical Center, Inc.</u>, 48 Fla. L. Weekly D337 (Fla. 3d DCA Feb. 15, 2023), in which this court reversed summary judgment and concluded the trial court abused its discretion in

---

[1] Simply Health Care failed to file an answer brief within the time provided by rule. More than a month after the deadline, this court alerted Simply Health Care to such failure and provided ten additional days to file. Upon Simply Health Care's failure to file anything in response to the ten-day order, this court barred Simply Health Care from filing an answer brief but allowed the filing of a three-page memorandum of points and authorities. <u>See</u> Fla. R. App. P. 9.410. Simply Health Care filed nothing.

[2] "A trial court decision whether to allow an amendment of a pleading is evaluated for abuse of discretion. We review a trial court's summary judgment order de novo." <u>RV-7 Prop., Inc. v. Stefani De La O, Inc.</u>, 187 So. 3d 915, 916 (Fla. 3d DCA 2016) (internal citations omitted).

denying leave to amend. The "refusal to allow amendment of a pleading constitutes an abuse of discretion unless allowing the amendment 'would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.'" Pangea Produce Distribs., Inc. v. Franco's Produce, Inc., 275 So. 3d 240, 242 (Fla. 3d DCA 2019) (quoting JVN Holdings, Inc. v. Am. Constr. & Repairs, LLC, 185 So. 3d 599, 601 (Fla. 3d DCA 2016)).

As here, in A & C, "[w]hile the summary judgment motion was pending, GEICO sought to amend its answer to add res judicata and collateral estoppel as affirmative defenses. The trial court convened a hearing on the summary judgment motion, at the conclusion of which it denied leave to amend and granted summary judgment" against GEICO. 48 Fla. L. Weekly D337 at *1. In A & C, GEICO waited 14 months after obtaining the favorable federal default judgment before seeking leave to amend. See id. at *2.[3] Here, GEICO waited about a year. In both cases, "GEICO moved to amend the answer for the first time before the summary judgment hearing. The defenses, as penned, were facially viable[, and [t]here] was no showing the parties engaged in protracted discovery." Id. Accordingly, the record shows

---

[3] "Absent bad faith or dilatory tactics, this court and others have declined to impute prejudice on a time delay alone." Id. (citations omitted).

3

neither bad faith or dilatory tactics on the part of GEICO nor "danger of prejudice, abuse, or futility" by granting the amendment.[4] RV-7 Prop., 187 So. 3d at 917. We therefore reverse and vacate the final judgment, as well as the order granting summary judgment and denying leave to amend, and remand with instructions to allow the proposed amendment.

Reversed and remanded with instructions.

---

[4] Indeed, Simply Health Care would be hard pressed to present a colorable argument of prejudice, abuse, or futility. Because the amendment sought to add a defense based on an adverse federal default judgment against Simply Health Care, which judgment Simply Health Care doubtlessly had in its possession, the real question is why Simply Health Care did not dismiss its lawsuit, or, at the very least, confess error on appeal.