# Third District Court of Appeal

## State of Florida

Opinion filed September 18, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0938
Lower Tribunal No. 19-33925
_____

## American Coastal Insurance Company,
Appellant,

vs.

## La Rive Gauche Condominium Association, Inc.,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Bickford & Chidnese, LLP and Frieda C. Lindroth, and Patrick M. Chidnese (Tampa), for appellant.

Alvarez, Feltman, Da Silva & Costa, P.L., and Paul B. Feltman, for appellee.

Before EMAS, FERNANDEZ and BOKOR, JJ.

PER CURIAM.

Affirmed. See Argonaut Ins. Co. v. May Plumbing Co., 474 So. 2d 212, 215 (Fla. 1985) ("[W]hen a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss."); Bowman v. Kingsland Dev., Inc., 432 So. 2d 660, 662 (Fla. 5th DCA 1983) ("Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law."); Anchor Prop. & Cas. Ins. Co. v. Trif, 322 So. 3d 663, 671 (Fla. 4th DCA 2021) ("[W]e hold that, for post-loss conduct, the policy requires proof of knowing or intentional fraudulent conduct by the insureds to trigger the application of the 'Concealment or Fraud' provision to void the policy."); Citizens Prop. Ins. Co. v. Zamanillo, 388 So. 3d 912, 914 (Fla. 3d DCA 2024) (argument of counsel is not evidence); Trif, 322 So. 3d at 673 ("[C]ontractors or adjusters may significantly differ in their estimates, and [the court] cannot presume that one estimate, merely because it is excessively higher, is rife with fraud." . . . "Mere overvaluation is not, in the absence of fraud, such a misrepresentation as will avoid the policy." (internal citations omitted); RV-7 Prop., Inc. v. Stefani De La O, Inc., 187 So. 3d 915,

2

916-17 ("Amendments to pleadings ought to be allowed freely **unless there is a clear danger of prejudice, abuse, or futility**." (Emphasis supplied).